Timothy Lynn **HUDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 63966.

Court of Criminal Appeals of Texas, En Banc.

Feb. 22, 1984.

Rehearing Denied Sept. 26, 1984.

Michael P. Gibson, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Sue L. Lagarde and Robert E. Whaley, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for criminal mischief by causing impairment and interruption of public communications, V.T.C.A., Penal Code, Section 28.03(a)(1) and (b)(4)(B). Punishment, enhanced by a prior conviction, was assessed at twenty years' confinement. Appellant urges ten grounds of error, including a general challenge to the sufficiency of the evidence and a specific challenge to the proof of ownership of a damaged residential telephone line.

On the evening of October 8, 1978, Patricia Krabbe was in the bedroom of her home when her twelve-year-old daughter came in and said that she saw a man outside the house kneeling by the sidewalk and looking into her window. Mrs. Krabbe went outside and saw the individual, who moved toward her. He said something to her like, "Hi", or "Good evening", walked through her neighbor's yard and out of sight between two homes. She went back into the house, turned off all the lights, and went to her bedroom where she stood looking out of the window. A few moments later the man appeared again, walked across her yard behind her car parked in the driveway and up the walkway alongside her house. The doorbell rang. She went to the door, which she did not open, and asked, "May I help you?" When the man did not respond she asked her daughter to keep asking what he wanted and she went back into her bedroom to telephone the police. While she was talking with the police, she saw the individual go around the side of her house where the telephone connection line was located. The phone line was severed while she was talking with the police and the man immediately returned from the side of her house. Within about five minutes, police arrived at the house and took Mrs. Krabbe about one-half block down the street where appellant was being detained. She identified him as the person she saw prowling around her home. A search of appellant produced a pocketknife, later found to have traces of copper wire and insulation on one blade.

Witnesses for appellant testified that earlier on the same evening appellant had been at a gas station installing a stereo tape deck in his car. Appellant's brother related that he had loaned appellant the knife to remove insulation or "skin" the wires of the tape player in order to install it. It was shown that the tape player had four copper connecting wires. Appellant explained his presence in the neighborhood by telling police that his car had broken down and he was walking home. The evidence shows that appellant lived with his parents a few blocks from Mrs. Krabbe's house, which is located between where his car was found and his parents' home. Appellant's father testified that the car started when he went to get it after his son's arrest but that thereafter it would not start.

In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the

evidence in the light most favorable to the jury's verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See, *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Freeman v. State*, 654 S.W.2d 450, 457 (Tex.Cr.App.1983) (opinion on State's motion for rehearing); *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981). Mrs. Krabbe identified appellant as the man she observed at her home. Her testimony that *appellant* was the individual who went to the side of the house where the phone line is located, that the phone then went dead as she was talking to the police, and that *appellant* immediately reappeared is sufficient circumstantial proof that he severed the phone line and negates any inference that he was simply apprehended in the neighborhood while walking home.

■ Appellant, however, contends the trial court improperly admitted Mrs. Krabbe's crucial in-court identification because it was tainted by a suggestive showup. See, *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Mrs. Krabbe was taken to the scene of appellant's detention less than ten minutes from the time she phoned the police. On the phone, she had described him as being approximately six feet tall, wearing khaki colored pants and a dark jacket. She stated that he had brown hair and was not clean shaven. The police stopped appellant because he met that description. He was also in the immediate vicinity of the offense and was detained so that Mrs. Krabbe could, in fact, determine whether he was the perpetrator of the offense or an innocent citizen mistakenly detained. Under the totality of the circumstances, the confrontation was not unnecessarily suggestive and conducive to irreparable misidentification. See, *Garza v. State*, 633 S.W.2d 508, 512, 516 (Tex.Cr.App.1981) (opinion on State's motion for rehearing); *White v. State*, 629 S.W.2d 701, 707 (Tex. Cr.App.1981), cert. denied 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457.

Mrs. Krabbe's identification of appellant was also sufficiently reliable so as to be admissible. She observed him at her home at one point from a distance of about three feet, and at another time from a distance of about twenty-five to thirty feet. She had an opportunity, on both occasions, to observe his face. Her attention was fixed on him as he moved about outside her home, and her description was basically accurate. She testified that had she not seen him after the offense she would have been able to identify him in court. She was quite certain of her identification at the time of the confrontation, less than ten minutes after the crime. See, *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Appellant's ground of error number eight, dealing with the identification, is overruled.

■ Appellant's specific challenge to the sufficiency of evidence questions whether the testimony of Mike Garrison proves that he was the owner of the phone lines alleged in the indictment to have been damaged. See, V.T.C.A., Penal Code, Section 1.07(24). Garrison's testimony established that he was a security investigator for General Telephone Company, Southwest, and that he was the special owner of the damaged property at the time of the offense, having a greater right to possession than appellant. Where there has been no objection to such testimony and no evidence to prove the contrary as to ownership, the evidence is clearly sufficient to show Garrison as the special owner. See, *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App.1976).

The grounds of error challenging the sufficiency of the evidence are overruled.

■ In ground of error number four, appellant complains the trial court erred in overruling a motion for mistrial when the prosecutor improperly referred to appellant's prior conviction as "molesting a six-year-old girl child" instead of "indecency with a child younger than the age of seventeen years" as alleged in the indictment and to which he pled "true." The record reflects that during the punishment stage of the trial, on cross-examination, appel-

lant's mother was asked the improper question, phrased "have you heard." Defense counsel objected:

"... that is not the charge—that is not the offense with which Mr. Hudson is convicted. And I object to any indication that he was charged with molesting anyone."

The trial judge instructed the jury to disregard the question altogether and overruled a motion for mistrial. The prosecutor rephrased the question:

"You heard I'm sure about his involvement or whatever it was with a 6 year old girl didn't you?"

No objection attended the response that she had heard.

Despite the improper form and content of the question, it is well settled that an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered. See, *Brasfield v. State*, 600 S.W.2d 288, 296 (Tex.Cr.App. 1980); *Lichtenwalter v. State*, 554 S.W.2d 693, 694 (Tex.Cr.App.1977). Nothing is preserved here for review and the ground of error is overruled.

■ In grounds of error numbers three and seven, appellant alleges the trial court erred in overruling objections to the final argument. The prosecutor argued that "if the police had not responded immediately and within five minutes, he would have watched the house to see what happened and would have gone back", and that "this is not a simple cutting the telephone wire type case based upon the District Attorney's theory of the case. This man had in mind different things for Kelly Krabbe and Patricia Krabbe other than cutting the telephone wires on the evening of October 9." Given the evidence that appellant was kneeling peering into the window of the twelve-year-old daughter, and that appellant rang the doorbell but would not respond to Mrs. Krabbe through the closed door, the argument was a reasonable deduction from the evidence. See, *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). The contentions are overruled.

■ Also, during the final argument, the prosecutor at one time referred to appellant as a "sadistic, deviate person," and questioned whether appellant's knife would have been "an imposing weapon or would it indeed be a deadly weapon" had appellant gained entrance to the house. Objection was made to both of these remarks, the objections were sustained, and the jury properly instructed to disregard the argument. This removed any harm that may have been created. *Rudd v. State*, 616 S.W.2d 623, 624 (Tex.Cr.App.1981); *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr.App. 1979). We do not believe that the argument was such that the jury would not follow the instructions of the trial judge. Appellant's motion for mistrial was properly denied. Grounds of error numbers five and six are overruled.

In supplemental ground of error number one, appellant argues that he was denied a fair trial because of prosecutorial misconduct. In *Wright v. State*, 609 S.W.2d 801 (Tex.Cr.App. 1980), we reversed the conviction of a 26-year-old man with a ninth grade education and no prior convictions charged with unauthorized use of a vehicle. In *Wright*, the record reflected:

"... a course of conduct by prosecutors which continually brought matters before the jury which were impermissible and that could only have been calculated to inflame and prejudice the minds of the jury." Id. at 806.

The present record is different and distinguishable from *Wright* in that appellant pled not guilty, had several prior convictions, fled the state in order to avoid prosecution, had probation revoked after a previous conviction, and suffered from no concocted reputation testimony concerning his bad reputation. The prosecutor's improprieties in the present case, which are certainly not condoned, simply do not rise to the egregious level of conduct found to be reversible error in *Wright*. The ground of error is overruled.

Finally, appellant complains in grounds of error one and two of "fundamental error" in the court's charge to the jury because the charge defines criminal mischief by the elements of the offense, but fails *in the definitional portion* of the charge to address the aggravating element of causing impairment and interruption of public communications. In pertinent part, the charge reads:

"Our law provides that a person commits an offense if, without the effective consent of the owner, he intentionally or knowingly destroys or damages the tangible property of the owner."

However, the application portion of the charge stated:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 9th day of October, 1978, in the County of Dallas, and the State of Texas, as alleged in the indictment, the defendant, Timothy Lynn Hudson, did then and there intentionally or knowingly damage and destroy tangible property of Mike Garrison, the owner, to-wit: Telephone wires, without the effective consent of said owner, *and did thereby cause impairment and interruption of public communications*, then you will find the defendant guilty of the offense of criminal mischief and so say by your verdict; but, if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.'" (Emphasis added)

The portion of the charge to which we look to determine whether the charge is *fundamentally* defective is the part which applied the law to the facts of the case, i.e., the application paragraph. *Lewis v. State*, 656 S.W.2d 472, 474 (Tex.Cr.App.1983), and cases cited therein. It follows that a charge will not be found *fundamentally* defective for improper or omitted definitions in the abstract portion of the charge, *Naim v. State*, 644 S.W.2d 746 (Tex.Cr. App.1983), because if the portion of a jury charge applying the law to the facts instructs the jury with respect to every element of the offense, and if the charge does not authorize a conviction on proof of less than all of the requisite elements of the offense, no fundamental error will exist. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979).

Appellant made no objection to the charge, see, Article 36.14, V.A.C.C.P., and requested no special charges, see Article 36.15, V.A.C.C.P. Moreover, the application paragraph correctly applied the law to the facts of the case, distinctly requiring the jury to find appellant did cause impairment and interruption of public communications, the aggravating element of criminal mischief charged in the indictment. No fundamental error is shown. *Lewis v. State*, supra; *Cumbie v. State*, supra. The grounds of error are overruled.

The conviction is affirmed.

ODOM, Judge, dissenting.

I dissent to the majority opinion's perfunctory consideration of the ninth ground of error, in which appellant challenges the sufficiency of the evidence to prove ownership of the damaged property in Mike Garrison as alleged. Garrison was a security investigator with General Telephone Company, the actual owner of the damaged telephone lines. In his only testimony relating to ownership Garrison testified:

"Q. Now, Mr. Garrison, as security investigator for the telephone company for a customer such as Patricia Frost Krabbe at 1749 Rusdel Drive, are the telephone wires that service that residence that are, for instance, outside her home, is that or is it not the personal property of General Telephone Company?

"A. Yes.

"Q. Is it tangible personal property, the telephone wires themselves?

"A. Yes.

"Q. Okay, and you, as a representative of the telephone company on this date, was the special owner of that property at that time,—

"A. Yes."

In *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1979), the scope of ownership under V.T.C.A., Penal Code Sec. 1.07(a)(24) was considerably expanded. Nevertheless, it is essential that the relationship of the alleged special owner to the property and its true owner be shown. As stated in *Compton:*

> "We must look to the employment relationship to determine who is the proper owner under Section 1.07(a)(24), supra. In any modern corporation, responsibility will probably extend to several different people at various levels within the organization."

There is no evidence of Garrison's employment relationship to General Telephone, nor of his connection with the damaged property, that sheds any light on the issue of whether he qualifies as a special owner of the property. While it is true that *Compton v. State*, supra, held that the part of Sec. 1.07(a)(24), supra, that makes an owner of anyone with "a greater right to possession of the property than the actor," there still must be some evidence that the alleged owner had some right to possession of the property, because it is self-evident that a person with no right to possession cannot have a greater right to possession than anyone.

In order to prove that Garrison had a greater right to possession of the property than appellant, there must be evidence that Garrison had some kind of right to possession of the property. The mere statement that his job title was "security investigator" and the legal conclusion in the prosecutor's question referring to Garrison as "the special owner" is no evidence of his employment relationship with the company and sheds no light on his responsibilities, if any, for the property. The effect of the majority opinion is to shift the burden of proof from the prosecution to the defense. This is unconstitutional and contrary to the holding of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). I therefore must dissent.

TEAGUE, J., joins this dissent.

CLINTON, Judge, dissenting.

The two sentences with which the majority reject appellant's challenge to sufficiency of evidence reflect such a gross mix of concepts that some comment is called for.

The actual owner of the severed telephone line is General Telephone Company. However, where one person owns the property and another person has possession of it, Article 21.08, V.A.C.C.P., permits the scrivener to allege ownership in either, at his option. If he opts for the latter, that person has come to be called a "special owner." See, e.g., *Eaton v. State*, 533 S.W.2d 33, 34 (Tex.Cr.App.1976). The term is merely one of convenience—a shorthand rendition of a manner of alleging ownership "in a natural person acting for the corporation," *ibid.* Ownership by one or another means prescribed by V.T.C.A. Penal Code, Sec. 1.07(a)(24), coupled with *id.*, (28) when appropriate, still must be proven. *Eaton*, supra, at 35.

Mike Harrison is alleged as owner of the damaged property of General Telephone Company. He testified that he is a "security investigator" for the company and that outside telephone wires servicing the residence of Patricia Krabbe are "personal property" of the company. He was then asked and answered:

> "Q: Okay, and, you, as a representative of the telephone company on this date, was the special owner of that at that time—
>
> A: Yes."

Such is the only testimony relating to his ownership of the telephone line entering the residence.

Conclusionary in the extreme, that testimony tells nothing about whether Garrison had (1) title, (2) possession or (3) a right to possession greater than appellant. V.T.C.A. Penal Code, Sec. 1.07(a)(24). In *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App.1976), which the majority asks the reader to "see," alleged special owner Long was "in charge of security at the hospital . . . [and] had the care, custody and management over the hospital and all those

things within the hospital," *id.,* at 939. That testimony, the Court found, "established that he had 'possession of the property,'" *ibid.,* and perforce "a greater right of possession." Unlike the showing of Long's duties and responsibilities with respect to property of the actual owner, all we know about Garrison is that he assented to being characterized a "special owner."

It is not enough to say that "there has been no objection to such testimony and no evidence to prove the contrary as to ownership." An accused is not required to object to testimony that has no probative value whatsoever, and the burden of proving that which it alleged is on the State. For purposes of proof the term "special owner" is meaningless, and there is no other evidence that Garrison is the owner as alleged.

I respectfully dissent.

TEAGUE, J., joins.