In the Matter of P.M.D. (a Juvenile)















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-349-CV

IN THE MATTER OF P.M.D.

 

From the 323rd District Court
Tarrant County, Texas
Trial Court # 323-56030-J
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant P.M.D., a juvenile, appeals from the trial court's judgment revoking his probation
and committing him to the Texas Youth Commission.
      On October 3, 1994, Appellant was referred to the juvenile authorities for aggravated
robbery. He was adjudicated delinquent for unlawfully carrying a weapon and received one-year
probation. On November 8, 1995, he was referred to the juvenile authorities for delivery of
cocaine. The juvenile court found Appellant had engaged in delinquent conduct and on January
11, 1996, placed him on probation for one year. One of the terms of Appellant's probation
required him not to violate any law. The State filed a petition to revoke his probation on
September 2, 1996, alleging he committed the offense of unauthorized use of motor vehicle. The
court found the allegation "true", but instead of revoking Appellant’s probation, extended his
probation to July 4, 1997.
      On June 2, 1997, the State filed an amended motion to modify disposition in Appellant's case. 
After a hearing the court found that Appellant had violated the terms of his probation by
committing a misdemeanor possession of marihuana and two felony counts of retaliation. The
court then revoked Appellant's probation and committed him to the Texas Youth Commission for
an indeterminate period not to exceed his twenty-first birthday.
      Appellant appeals on one point of error: “The trial court erred by admitting into evidence
irrelevant and extraneous misconduct testimony that Appellant was a gang member.”
      Two Fort Worth Police Officers in a patrol unit pulled over a vehicle they saw was without
an inspection sticker. Three juvenile males, including P.M.D. were in the vehicle. The officers
observed a leafy substance (which turned out to be marihuana) in the seat next to P.M.D. The
three juveniles, including P.M.D., were arrested. P.M.D. repeatedly used profanity toward the
officers and told them, “cops bleed too,” and that he would assault them if given the opportunity. 
The officers believed the threats were serious and charged P.M.D. with marihuana possession and
two counts of retaliation.
      At trial on the State’s motion to revoke the probation of P.M.D., Officer Ost was asked by
P.M.D.’s attorney about the opportunity of one of the other juveniles in the car to have moved the
marihuana to the front seat.
      Officer Ost: The only point to that, to disagree, would be that since I know all three subjects
to be gang members.
      Counsel:      I object to the reference to gang members being extraneous conduct, and its not
relevant to his guilt or innocence at this point.
      Court:   Overruled.
      Officer Ost: His affiliation with possible street gangs, all three of them, to me as an officer,
would make me more concerned that there might be weapons in the vehicle . .
. .

      Counsel for P.M.D. did not object. Additionally, Appellant’s counsel did not object to two
other times that evidence of Appellant’s gang affiliation was introduced. Specifically, no objection
occurred during the State’s examination of Officer Ost about Appellant’s statement that “cops
bleed too” and that he would assault them if given the opportunity.
      State:    Was he planning to do this or was there any indication as to whether or not he was
going to do this individually or with others?
      Officer Ost: The impression he applied is that it would either be done by himself or by
friends of his that are affiliated with his street gang.

      Appellant’s counsel did not object. Then Officer Ost was asked about the female juvenile who
was one of the three arrested:
      State:    Are you familiar with her reputation? Is there anything else about her that you know
of?
      Officer Ost: I know she lives on Davis Street and that she’s also affiliated with a street gang.

      Again Appellant’s counsel did not object.
      Texas law requires a party to continue to object each time inadmissible evidence is offered
in order to preserve error, with two exceptions: (1) via a running objection, and (2) via the rule
allowing counsel to lodge a valid objection to all testimony he deems objectionable on a given
subject, out of the jury’s presence. Ethrington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991). It is well settled that an error in admission of evidence is cured when the same evidence
comes in elsewhere without objection. Defense counsel must object every time when allegedly
inadmissible evidence is offered. Hudson v. State, 675 S.W.2d 507 (Tex. Crim. App. 1984).
      Since trial was before the court there can be little, if any, concern that the evidence was
considered for an improper purpose. Appellant’s gang affiliation was only a small part of the
evidence. There was ample evidence on the marihuana and the retaliation charges along with
Appellant’s prior probations. The court observed at the conclusion of the hearing:
This is your fifth time in court. You were adjudicated the first time on a misdemeanor. 
You’ve been adjudicated on two felonies, and today I found you violated your probation
by engaging in a misdemeanor and two felonies and you are still in the same situation you
were in the first time you came in here. You are not learning from your probation. I am
going to order that your probation be revoked and you be committed to the Texas Youth
Commission.

      Under this record we hold that the evidence of Appellant’s gang affiliation, if error, was
harmless. Tex. R. App. P. 44.2(b)
      Appellant’s point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 8, 1998
Do not publish