NUMBER 13-00-702-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


 


THOMAS HENRY MENDEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 377th District Court of 

Victoria County, Texas.

 


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez





Thomas Henry Mendez, appellant, was convicted of aggravated sexual assault and sentenced to twenty-two years in prison.
In a single point of error, appellant argues that the trial court erred by admitting hearsay testimony of an extraneous offense
into evidence over defense counsel's objection. We affirm.

Factual Background

Appellant sexually assaulted his step-daughter, C. G., a few days after Christmas, 1999. The victim's grandmother took an
extremely emotional C. G. to the hospital emergency room where Dr. Kalpesh Patel was on call. Due to the victim's
emotional state, the examination took over six hours. During Patel's history-gathering, C. G. told Dr. Patel that the
appellant forced her to watch pornographic movies before he engaged in sexual intercourse with her.

At trial, Dr. Patel testified to the information C.G provided during the examination. Upon mention of the pornographic
materials, defense counsel objected on hearsay grounds, urging that the scope of the question went beyond medical
evaluation. See Tex. R. Evid. 803(4). This objection was initially sustained by the court. Later, the judge, in a recess
outside the presence of the jury, stated that he may have incorrectly sustained the objection and directed the attorneys to
review some case law in the Texas Rules of Evidence handbook. The judge then indicated that such statements could be
admissible under proper circumstances. During redirect, the State again asked Dr. Patel about C. G.'s comments
concerning pornographic materials used before she was sexually assaulted. The defense counsel re-urged its objection, but
on the basis of relevancy. The objection was overruled.

Preservation of Error

Appellant now argues that the trial court erred in admitting hearsay testimony of an extraneous offense into evidence over
defense counsel's objection. To preserve a complaint for appellate review, a party must present a timely objection to the
trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). Here, the appellant did
make a timely objection to the trial court, but failed to reurge the specific grounds dealing with his original hearsay
objection, stating, "Your Honor, I'll object again. It's our position that this is not relevant to a medical diagnosis." This
objection properly preserves the issue of relevancy, but is inadequate to preserve a challenge on the basis of hearsay, which
is the only point of error in appellant's brief. As such, the appellant has not met the prerequisite set forth in rule 33.1 of the
Texas Rules of Appellate Procedure and there is no proper hearsay complaint preserved for our appellate review. Id.; see
also Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984) (holding that "defense counsel must object every time
allegedly inadmissible evidence is offered"). 

Appellant's point of error concerning hearsay has not been preserved. It is therefore overruled and the judgment of the trial
court is affirmed. 

ROGELIO VALDEZ

Chief Justice




Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.