Russell Carl Guhl v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-009-CR

     RUSSELL CARL GUHL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # F34404
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

     Russell Carl Guhl and Ina Stinson lived with their two children, ages three and one, and B.T.,
Stinson’s nine-year-old daughter. B.T. was not enrolled in school, and much of the time she was
the primary caretaker of the other children. One day, Guhl was away from home buying “crack”
cocaine, Stinson had been away for several days engaged in prostitution to support her drug habit,
and the children had been left at a neighbor’s. B.T. called 9-1-1. When Officers arrived, they
found a hungry B.T. and children with matted hair, head lice, strong body odor, rashes, and open
sores over most of their bodies. CPS was called, and the children were placed into foster care.
      Guhl was indicted on nine counts of endangering a child and one count of possessing cocaine,
both state jail felonies punishable by up to two years in prison. Tex. Pen. Code Ann. § 22.041(f)
(Vernon Supp. 2002); Tex. Health & Safety Code Ann. § 481.115(b) (Vernon Supp. 2002). 
Without a plea-bargain agreement, Guhl pled guilty to one count of endangerment for which he
was sentenced to two years in a state jail facility, and to the drug count for which he was sentenced
to two years in a state jail facility, probated to five years.
      On appeal, Guhl complains that the court allowed inadmissible testimony of two witnesses at
the sentencing hearing. He says the court would not have given him the maximum punishments
if the court had not heard the testimony. One witness, Officer Peterson, said that when he arrived
at the scene, B.T. told him she had not eaten in days. Guhl argues this is inadmissible hearsay. 
The other witness, CPS case worker Adams, said that when she arrived at the scene, she entered
Guhl’s residence where she observed deplorable conditions such as moldy food, evidence of rodent
infestation, no stove or air conditioner, exposed electrical wiring, a strong smell of urine from the
bathtub, and no running water. Guhl argues that Adams entered the residence illegally, and what
she observed was inadmissible as the product of an illegal search. Tex. Code Crim. Proc. Ann.
art. 38.23 (Vernon Supp. 2002).
      Assuming without finding that the testimony should have been excluded, Guhl must show
harm to obtain a reversal of the judgment. Regarding the hearsay objection, he must show that
the court’s error affected his substantial rights. Tex. R. Evid. 103; Tex. R. App. P. 44.2(b). "A
substantial right is affected when the error had a substantial and injurious effect or influence in
determining the [court’s sentence]." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)
(citing Kotteakos v. U.S., 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). We
will not reverse if, "after examining the record as a whole, [we have] fair assurance that the error
did not influence the [court], or had but a slight effect." Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998) (citing Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984)). 
Regarding the objection to the legality of the search, that is reviewed under a constitutional
standard. We must reverse unless we determine beyond a reasonable doubt that the error did not
contribute to the punishment. Tex. R. App. P. 44.2(a); Chapman v. California, 386 U.S. 18, 24,
87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967) (stating the standard from which Rule 44.2(a) derives);
Hernandez v. State, 2001 WL 1415274 (Tex. Crim. App. November 14, 2001) (suppression issues
are reviewed for constitutional error).
      Apart from the complained-of evidence, the court heard witnesses, including Guhl and B.T.,
testify to the following:
      •    The children had matted hair, head lice, and strong body odor. It took five treatments
to cure the children of head lice.
 
      •    B.T. looked tired and lethargic.
      •    The two children other than B.T. had rashes and sores over most of their bodies.
      •    Guhl was away to buy illegal drugs.
      •    Stinson had left several days before to prostitute herself for drugs.
      •    Guhl and Stinson bought drugs almost every Friday evening. They would take the entire
family to a “crack” house in Fort Worth.
 
      •    Guhl and Stinson took drugs in front of the children.
      •    There was no running water in the house.
      •    There was no edible food in the house.
      •    The house was not air conditioned.
      •    The house was infested with rats, and rodent droppings were on the kitchen counters.
 
      •    B.T. was the primary caretaker for the other two children.
In addition, ten photographs of the conditions in the house were admitted.
      Guhl apparently argues that without the complained-of testimony, the evidence above was not
heinous enough to cause the court to sentence him to the maximum two-year sentence. We
disagree. After examining the record as a whole, including all the evidence, we have a “fair
assurance” that Officer Peterson’s testimony had but a slight effect, if any, on the court’s
sentencing decision. Tex. R. Evid. 103; Tex. R. App. P. 44.2(b); Johnson, 967 S.W.2d at 417. 
In addition, we have determined beyond a reasonable doubt that Adams’s testimony did not
contribute to the punishment. Tex. R. App. P. 44.2(a); Chapman v. California, 386 U.S. at 24,
87 S.Ct. at 828.
      We overrule Guhl’s complaints, and we affirm the judgment.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed March 20, 2002
Do not publish
[CR25]