Opinion issued October 24, 2002







 


 

 


 


In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01126-CR

____________


DEMOND RAY SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 853886






O P I N I O N

 A jury found appellant, Demond Ray Smith, guilty of the felony offense of
aggravated robbery and assessed his punishment at 29 years in prison and a $10,000
fine. In two points of error, appellant contends the trial court erred in permitting: (1)
hearsay testimony and (2) the prosecutor to make statements outside the record during
its punishment argument. We affirm.

Facts and Procedural Background


 Gerald Briand testified that, on the night of July 23, 2000, while he and 
Gristian Melendez, the complainant, were driving to a friend's house, a group of men
standing in a convenience store parking lot waved to them to pull over. Melendez,
the owner and driver of the car, turned into the parking lot, and appellant approached
the car and asked Melendez and Briand to get out. After they refused, appellant
pointed a pistol at Melendez's head and ordered him out of the car. Melendez and
Briand got out of the car, and appellant got into the driver's seat. Members of the
group searched Melendez's and Briand's pockets, taking a wallet from Melendez. 
Appellant drove away in Melendez's car and the rest of the group scattered into a
nearby apartment complex. Briand and Melendez then walked to their friend's house,
and Melendez called the police and reported the incident. 

 Later that night, police officers arrested appellant after he tried to evade arrest. 
During the pursuit, appellant threw down a pistol and Melendez's car keys, both of
which were recovered by police. Melendez and Briand identified appellant on the
night of his arrest as the robber. 

 At the punishment phase of the trial, the State presented witnesses who testified
that, while he was being held in jail prior to trial, appellant sexually assaulted a cell
mate. During his closing argument, appellant noted that he had not been charged with
the extraneous offense and contended that he could not defend himself against the
charge. The State, in its closing, argued that "it's common for the [Harris County]
district attorney's office not to charge somebody with extraneous offenses."

Hearsay 

 In point of error one, appellant contends that the trial court erred in admitting
testimony by Briand concerning Melendez's statement to him that Melendez was
scared and glad that he was not shot. Appellant argues that the State failed to show
the statement fell within the excited utterance exception to the hearsay rule. See Tex.
R. Evid. 803(2).

 When an appellant claims that a trial court erred in admitting evidence offered
by the State, the error must be preserved by a timely objection and a ruling by the trial
court on the objection. Tex. R. App. P. 33.1. Texas law requires a party to object
each time inadmissible evidence is offered. Hudson v. State, 675 S.W.2d 507, 511
(Tex. Crim. App. 1984). An error in the admission of improper evidence is cured
when the same evidence is admitted elsewhere in the record without objection. Id. 
The only two exceptions to this rule are when a party asks for and receives a running
objection, or when a party receives a ruling outside the presence of the jury. 
Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).

 In this case, essentially the same evidence was elicited by appellant during his
cross-examination of Houston Police Officer Dean Stark, who interviewed Melendez
and Briand after the robbery. Subsequent to the questioning of Briand, defense
counsel questioned Officer Stark as follows:

 Q: Well, did you read in the report that Officer Gonzales had written down
that [appellant] had held a gun to his head?


 A: Yes, sir. But I also heard [Melendez] on the night tell Officer Gonzales
the gun was put to his head. That he was in fear of his life. That by the
demeanor of the defendant that he thought he would shoot him. He
thought the defendant would shoot the complainant.


 Q: Well, these are certain words that's - is a legal terminology, isn't it?

 A: Yes, sir.

 Q: Like when you said "there's fear of your life," the average person don't
talk like that, do they?


 A: Yes, sir. I mean, I do.

 . . . . 

 Q: They may say, I was scared; but they don't say - you say that don't you?

 A: I've been told by plenty of complainants that they were in fear of their
life.


 Q: Well, we're talking about this complainant?

 A: Well, I couldn't quote, no, sir.

 Q: So you don't know whether or not they said that or not?

 A: They said they were in fear of their life . . . .

 Appellant made no objection to Officer Stark's testimony regarding the
complainant's out-of-court statement that he was in fear for his life during the
aggravated robbery. Thus, any possible error in the admission of Briand's testimony 
regarding Melendez's out of court statement was cured. 

 We overrule point of error one.

Punishment Argument

 In point of error two, appellant contends that the trial court erred in allowing
the State, in its punishment argument, to argue that, "it's common for the district
attorney's office not to charge somebody with extraneous offenses." 

 Proper jury argument must fall within one of the following categories: (1)
summation of the evidence; (2) reasonable deductions from the evidence; (3) answers
to arguments by opposing counsel; or (4) pleas for law enforcement. Wilson v. State,
938 S.W.2d 57, 59 (Tex. Crim. App. 1996).

 The State contends its argument was in response to the following argument
made by the appellant:

 [W]e expect fairness and justice . . . . You seen [sic] some offenses here
that he - the one he was charged with - the other one, he wasn't
charged with - I come here, I don't have an opportunity to defend
against [sic]. You get to here one side, and that's fair? That's justice?


 . . . .


 I find it rather curious that you [sic] come in here and tell you-all, ladies
and gentleman, this man raped somebody that he was never charged
[sic]. This man [sic] charged with burglary and bring witnesses in here
and I'm dared to ask the witnesses, "What court were you in?" That's
fair. 


(Emphasis added.) Although no evidence was presented as to why appellant was not charged with
the extraneous offense and the State's argument injected a new fact into the case, the
State's argument was in answer to appellant's argument. The invited argument rule
permits prosecutorial argument outside the record in response to defense argument
which goes outside the record, so long as the prosecution's argument does not exceed
the scope of invitation. Johnson v. State, 611 S.W.2d 649, 650 (Tex. Crim. App.
1981). Here, the State's response did not exceed the scope of appellant's argument.

 We hold that the trial court did not err in permitting the complained of
argument because it was in answer to appellant's argument and did not exceed the
scope of that argument.

 We overrule point of error two.



Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. P. 47.