NO. 07-02-0202-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 1, 2003


______________________________



QUINTON L. JOHNSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439,305; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Memorandum Opinion


_______________________________


Before QUINN, REAVIS, and CAMPBELL, JJ.

 Quinton L. Johnson (appellant) appeals his conviction for possession of a controlled
substance, with intent to deliver. Through two issues, he contends that the trial court erred
by allowing in two hearsay statements. We overrule the issues and affirm the judgment.

Issues One and Two - Admission of Purported Hearsay Testimony


 As previously mentioned, appellant contends that the trial court erred in overruling
his objections to purported hearsay. The first instance involved an officer testifying about
what a third party told him regarding appellant's gang affiliation. The second concerned
reference to what a witness' brother had said about appellant residing in the witness'
house. As to the former instance, the same evidence (i.e. what a third party told the officer
about appellant's gang affiliation) had been solicited and admitted without objection earlier
in the trial. Because the purported hearsay was previously admitted without objection, any
error arising from its re-introduction later in the trial was cured. Hudson v. State, 675
S.W.2d 507, 511 (Tex. Crim. App. 1984) (holding that error in the admission of evidence
is cured when the same evidence comes in elsewhere without objection). 

 As to the second instance of purported hearsay, the latter consisted of the State
asking a witness (Ms. Mitchell) whether it would surprise her to know that Charles Mitchell
told the police that appellant and three others "stayed in the southeast bedroom" of her
house. However, that was not the first time reference was made to Charles Mitchell
informing the police of that matter. Appellant had previously asked the same witness "[i]f
Charles Mitchell said in his report that they were all four living there [including appellant],
Charles is not correct probably, right?" Having first presented the alleged hearsay to the
jury, appellant cannot complain of its inadmissibility when the State revisited it. Hudson
v. State, supra. 

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Justice


Do not publish.


 

 



8. To date, no brief or extension
motion has been filed.
          Consequently, we abate the appeal and remand the cause to the 181st District Court
(trial court) for further proceedings. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
          1.       whether appellant is indigent; 
 
          2.       whether appellant desires to prosecute the appeal;
 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel’s failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record containing the findings of fact and conclusions
of law and 2) a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before February 5, 2009. Should
additional time be needed to perform these tasks, the trial court may request same on or
before February 5, 2009.
          It is so ordered.
 
                                                                           Per Curiam
Do not publish.