NO. 07-02-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 1, 2003

_____

QUINTON L. JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439,305; HON. CECIL G. PURYEAR, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Quinton L. Johnson (appellant) appeals his conviction for possession of a controlled substance, with intent to deliver. Through two issues, he contends that the trial court erred by allowing in two hearsay statements. We overrule the issues and affirm the judgment.

***Issues One and Two – Admission of Purported Hearsay Testimony***

As previously mentioned, appellant contends that the trial court erred in overruling his objections to purported hearsay. The first instance involved an officer testifying about

what a third party told him regarding appellant's gang affiliation. The second concerned reference to what a witness' brother had said about appellant residing in the witness' house. As to the former instance, the same evidence (*i.e.* what a third party told the officer about appellant's gang affiliation) had been solicited and admitted without objection earlier in the trial. Because the purported hearsay was previously admitted without objection, any error arising from its re-introduction later in the trial was cured. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984) (holding that error in the admission of evidence is cured when the same evidence comes in elsewhere without objection).

As to the second instance of purported hearsay, the latter consisted of the State asking a witness (Ms. Mitchell) whether it would surprise her to know that Charles Mitchell told the police that appellant and three others "stayed in the southeast bedroom" of her house. However, that was not the first time reference was made to Charles Mitchell informing the police of that matter. Appellant had previously asked the same witness "[i]f Charles Mitchell said in his report that they were all four living there [including appellant], Charles is not correct probably, right?" Having first presented the alleged hearsay to the jury, appellant cannot complain of its inadmissibility when the State revisited it. *Hudson v. State*, *supra*.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

2