BRELAND V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-020-CR

WILLIE ARTHUR BRELAND APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Willie Arthur Breland appeals his convictions for aggravated sexual assault of a child under 14 and indecency with a child.  In two issues, appellant contends that the trial court erred in admitting extraneous bad act and hearsay evidence.  We affirm.

The parties are familiar with the facts, and the applicable law is well settled.

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We will reverse only if the trial court's decision falls outside the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh’g); 
Couchman v. State
, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 2003, pet. ref’d).

In his first issue, appellant contends that the trial court abused its discretion in admitting pornographic photographs of adult women that were taken from his computer.  The State argues that appellant “opened the door
"
 to the admission of the photographs when he responded to defense counsel’s question, “Did you ever have [R.J.] bend over and take her clothes off and bend over and put a blindfold on her?,” by saying, “No. sir.  And I will tell the jury, I did not do anything like that.  That was against my morals.”

Evidence of a person’s moral character is generally inadmissible to show action in conformity therewith.  
Tex. R. Evid.
 404(a).  A criminal defendant is, however, permitted to present evidence of a pertinent character trait.  
Tex. R. Evid.
 404(a)
(1)(A).  The prosecution may rebut character evidence offered by a criminal defendant by offering its own character evidence.  
Id.  
To rebut defensive character evidence, the prosecution may cross-examine a character witness about specific instances of conduct that are relevant to the character trait or call their own character witnesses to give opinion or reputation testimony.  
Tex. R. Evid.
 40
5(a).

Assuming without deciding that the admission of the photographs was error, we conclude that the error was harmless.  This type of error is nonconstitutional and must be disregarded if it does not affect appellant’s substantial rights.  
See
 
Tex. R. App. P.
 44.2(b);
 Solomon v. State,
 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)
.  Substantial rights are not affected by the erroneous admission of evidence if the record provides fair assurance that the error did not influence the jury, or had but a slight effect.  
Motilla v. State
, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); 
Solomon
, 49 S.W.3d at 365.  In assessing the likelihood that the jury's decision was adversely affected by the error, we consider the entire record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how the error might be considered in connection with other evidence in the case. 
 Motilla
, 78 S.W.3d at 355; 
Morales v. State
, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).  We may also consider the State’s emphasis on the error.  
Motilla
, 78 S.W.3d at 356.

After reviewing the entire record, we are satisfied that the error, if any, did not influence the jury, or had but a slight effect on its decision.  
See id. 
at
 
356; 
Solomon, 
49 S.W.3d at 365.  First, there was ample testimonial evidence of appellant’s guilt, including the testimony of the complainant, the school counselor, the CPS worker, the nurse who examined the complainant, and the complainant’s mother.  The complainant, counselor, and nurse all testified about the specific sexual acts appellant committed, and the complainant’s mother testified that appellant’s work schedule would have given him the opportunity commit those acts. 

Second, the photographs were less shocking and offensive than the complainant’s graphic description of the acts appellant engaged in with her.  The complainant testified that appellant blindfolded her, asked her to bend over, and then touched her buttocks with his penis.  She also gave a detailed description of how appellant licked her breasts and kissed her tongue.

Third, when considered in the context of the State’s entire case against appellant, the emphasis placed on the photographs by the prosecution was minimal.  The State’s case-in-chief was based on the testimony of the complainant, the school counselor, the CPS worker, and the nurse who examined the complainant—not the photographs.  The photographs were admitted as rebuttal evidence.  The State addressed the photographs during the guilt/innocence phase of the trial by asking a police detective thirty-six questions about them and only briefly mentioned the photographs during closing arguments.

Because we believe that the alleged error in admitting the photographs had no or only a slight effect on the jury’s decision, we overrule appellant’s first issue.

In his second issue, appellant contends that the trial court abused its discretion when it admitted Child Protective Services investigator Kathryn Ashmore’s testimony that the complainant told her that appellant molested her.  At trial, the State questioned Ashmore about the content of her interview with the complainant.  The State offered this testimony as evidence of a prior consistent statement to rebut appellant’s claim of recent fabrication, and also as rebuttal of defense counsel’s claim that the complainant’s description of the abuse grew more graphic and detailed over time. 

Assuming without deciding that the admission of this testimony was error,
(footnote: 2) we hold that it was harmless.  Ashmore’s testimony was nearly identical to the testimony of two other witnesses that was admitted without objection.  Therefore, the admission of the testimony did not have a substantial and injurious effect or influence in determining the jury's verdict. 
 See
 
Nethery v. State
, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985); 
Hudson v. State
, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).  Accordingly, we overrule appellant’s second issue and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 July 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The State concedes that Ashmore’s testimony did not relate statements that the complainant made prior to the time the alleged motive to fabricate existed, but nonetheless contends that the testimony was properly admitted to rebut defense counsel’s claim that the complainant’s description of the abuse grew more graphic and detailed over time.