NO. 07-08-0188-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 7, 2008

______________________________


IN THE MATTER OF THE MARRIAGE OF
RUTH ANN THOMPSON AND ROY GLENN THOMPSON

_________________________________

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B10861-0604; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Pending before this Court is a joint motion for dismissal of the appeal of the parties’
final decree of divorce. By the motion, the parties represent they have entered into a
settlement agreement, and the motion is signed by both parties’ counsel. The motion is
accompanied by a copy of the parties’ Rule 11 agreement. The parties request that
mandate issue immediately in order to effectuate their settlement agreement. Without
passing on the merits of the appeal, we grant the motion and dismiss the appeal. Tex. R.
App. P. 42.1(a). No motion for rehearing will be entertained and our mandate will issue
forthwith.
                                                                           Patrick A. Pirtle

                                                                                 Justice



ce that was the subject of that motion without the necessity
of making further objection. Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App.
1985), overruled on other grounds by Woods v. State, 956 S.W.2d 33 (Tex. Crim. App.
1997). However, when he affirmatively states he has no objection to the evidence at the
time it is sought to be admitted at trial, he waives error. Jones v. State, 833 S.W.2d 118,
126 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678
(1993); Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App.), cert. denied, 506 U.S.
839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992); Gearing v. State, 685 S.W.2d at 329. At the
time the cocaine was offered into evidence, appellant stated that he had "[n]o objection." 
Therefore, he has waived his complaint, and we must overrule the issue.

 Issue Two - Evidence of Ownership

 In his second issue, appellant contends the trial court erred in admitting evidence
uttered by an LISD police officer (Lucio Trevino) about the LISD's ownership of real
property within the drug free zone and in admitting a 1995 deed without further proof that
ownership of the property had not subsequently changed. We overrule the issue.

 Officer Trevino testified that he worked for the LISD Police Department and was
responsible for patrolling its property in North Central Lubbock. He also stated that the
Pete Ragus Aquatic Center was in his district, as was the Lubbock High School tennis
courts next to it. Appellant objected, however, to his testimony that the property was
owned by the LISD because the officer had no personal knowledge of that. Assuming
arguendo that the admission of these utterances constituted error, we note that Officer
Bernal and Louis Dean Wood (an LISD employee) also testified, without objection, that the
property alluded to by Trevino was owned by the LISD. So, any error in the admission of
Trevino's comments was cured when the same evidence came in elsewhere without
objection. Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); McGee v. State,
35 S.W.3d 294, 301 (Tex. App.--Texarkana 2001, pet. ref'd). 

 Appellant also contends that the trial court should not have allowed the admission
into evidence of a 1995 warranty deed through which the subject property was deeded to
the LISD. This is so, he argues, because it was irrelevant. Furthermore, it was allegedly
irrelevant because the State failed to prove that the LISD still owned the property in March
2002, i.e. the date the crime occurred. 

 Relevant evidence is evidence having any tendency to make the existence of any
fact that is of consequence to the determination of the action more or less probable than
it would be without the evidence. Tex. R. Evid. 401. Additionally, we review the decision
to admit the evidence under the standard of abused discretion. Moses v. State, 105
S.W.3d 622, 627 (Tex. Crim. App. 2003). 

 Next, we note that the warranty deed was not the only evidence illustrating
ownership of the property; again, Officer Bernal and Louis Dean so testified. Moreover,
a witness also described how tennis courts and an aquatic center were built on the
property for a local LISD high school and for LISD students and how those facilities were
currently being used by the high school and students. So, the deed, when coupled with
the other testimony we described in this paragraph, rendered more probable the fact that
the LISD owned the property in March of 2002. Consequently, the decision to overrule
appellant's objection on the basis of relevance was not an abuse of discretion. 

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam




Do not publish.