NOS. 07-08-0465-CR, 07-08-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 18, 2009
______________________________

JOEY DELL GRAY AKA JOEY DALE HATFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47,484-B, 49,270-B; HONORABLE JOHN BOARD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Joey Dell Gray, appeals the decision of the trial court to adjudicate her
guilty of the offense of indecency with a child in Cause No. 07-08-0465-CR. Following the
adjudication of guilt, the trial court sentenced appellant to a term of confinement in the
Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) of 10 years. 
Further, appellant appeals the decision of the same trial court to revoke her community
supervision for the offense of failure to register as a sex offender and sentence of four
years confinement in the ID-TDCJ for that offense. The punishment in the two cases was
ordered to run concurrently. By one issue, appellant contends that the trial court
committed reversible error when it admitted the results of a polygraph examination into
evidence. We disagree with appellant and affirm the trial court’s judgment.
Factual and Procedural Background
          Appellant pled guilty to the charge of indecency with a child on July 23, 2003. She
was placed on deferred adjudication for a period of seven years. Pursuant to the plea
agreement, appellant was required to register as a sex offender. Appellant failed to
register and was subsequently indicted for failure to register as a sex offender. This
charge resulted in another plea of guilty and appellant was placed on community
supervision for a period of four years. On August 6, 2008, a motion to proceed with
adjudication was filed in the indecency case and a motion to revoke probation was filed in
the failure to register as a sex offender case. These motions were subsequently amended
on September 26, 2008. On October 23, 2008, a consolidated hearing was held on both
motions. At the close of the consolidated hearing, appellant was adjudicated guilty of
indecency with a child and sentenced to 10 years confinement in the ID-TDCJ. Appellant
was also found to have violated the terms and conditions of community supervision in the
failure to register case and was sentenced to four years confinement in the ID-TDCJ with
such term of confinement to run concurrently with her sentence in the indecency case.
          During the consolidated hearing, the State offered the testimony of Kay Renshaw, 
who is a licensed sex offender treatment provider. Renshaw testified that appellant was
discharged from the sexual offender treatment program she was required to complete for
failing to maintain a cooperative attitude, failing to demonstrate progress in the treatment
program, and admitting to violating program rules regarding use of drugs and trading
sexual favors for money and drugs. The State also produced the testimony of Karen Leal,
appellant’s community supervision officer. Leal testified about appellant’s admission of
using methamphetamine during her community supervision, engaging in deviant sexual
activity, and failing to perform community service hours as required by the terms of her
community supervision order. 
          At the conclusion of the State’s evidence, appellant presented the testimony of her
mother, Shirley Cox. Cox essentially testified appellant’s violation of the trial court’s orders
were due to her lack of education and alleged mental disability of being bipolar. Appellant
testified and denied admitting any illicit drug use, however, she did admit to abusing
prescription drugs on several occasions while on community supervision. 
          The State recalled Leal to testify that appellant, although referred to MHMR on
several occasions, was not diagnosed with a bipolar condition. Further, Leal testified that
appellant had never offered any excuse for failure to complete the ordered community
service hours. 
          At the conclusion of the hearing, the trial court adjudicated appellant guilty of
indecency with a child and found the allegations that she had violated her community
supervision in the failure to register case to be true. From this judgment, appellant has
appealed alleging that the trial court committed reversible error when it admitted evidence
of the results of a polygraph test, that was administered while appellant was in the sex
offender’s treatment program. We affirm the judgments of the trial court.
Polygraph Evidence
          Appellant’s contention is that the trial court committed reversible error when it
allowed the State’s witness, Renshaw, to testify about the results of a polygraph test taken
by appellant as part of the sexual offender’s treatment program.


 The context in which the
challenged testimony was presented is as follows:
Q. Okay. And what was your first area of concern? What became your first
area of concern?
A. As interruptions– and there were a couple of interruptions that we were
able to get Joey back on track. At one point she was having difficulty with
drug abuse. She acknowledged that. We got her into an ACADA program. 
She completed that program, continued to group sessions. When we really
became concerned about Joey was a failed polygraph in May of 2008.
Trial Counsel: Judge, at this point the Defense objects to any testimony
about polygraph results. As the Court knows, polygraph results are just not
admissible.
The Court: Well, and I would not allow it for purpose of making any ultimate
determination, but I will allow it as an exception to hearsay just for the state
of mind of this witness as to why she took the steps that she did with regard
to her treatment. But I won’t consider it for the truth of the matter asserted.
Trial Counsel: Okay.
 
          The State contends that appellant failed to preserve the issue of the polygraph
evidence for review. See Tex. R. App. P. 33.1(a)(1). Appellant counters that she made a
timely objection and that, since there was no jury, there was no necessity for a motion for
mistrial and, therefore, all steps necessary to preserve the issue for appeal had been
accomplished. Assuming trial counsel’s statement of “Okay” was not acquiescence to the
trial court’s ruling,


 appellant’s contention is erroneous for another reason. This was not the
only time the issue of polygraph testing was raised. The record reflects that the State,
apparently based upon the trial court’s ruling, returned to the subject a number of times
during the direct examination of Renshaw. Trial counsel never again objected nor indicated
any dissatisfaction with the trial court’s previous ruling. Trial counsel could preserve the
alleged error in the admission of the polygraph testimony by either objecting each time a
question concerning the results of the polygraph test was asked or by obtaining a
continuous or running objection to that line of questioning. See Hudson v. State, 675
S.W.2d 507, 511 (Tex.Crim.App. 1984) (holding that defense counsel must object each time
allegedly inadmissible evidence is offered); Ethington v. State, 819 S.W.2d 854, 858-59
(Tex.Crim.App. 1991) (approving the use of a continuous or running objection to an entire
line of questions). In the case before us, appellant did not object each time nor obtain a
running objection, therefore, the issue has not been preserved for appeal. Tex. R. App. P.
33.1(a)(1). Accordingly, appellant’s sole issue is overruled.


 
Conclusion
          Having overruled appellant’s only issue, the judgments of the trial court are affirmed.
 
                                                                                      Mackey K. Hancock

                                                                                                Justice

 
 
 
 
Do not publish.