**Affirmed as Modified and Opinion Filed January 3, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01153-CR

**VICENTE R. RIOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1424969-T**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Francis

Vicente Rios appeals his conviction for continuous sexual abuse of a child less than fourteen years of age. Appellant brings two issues contending the trial court abused its discretion in admitting extraneous offense evidence and the judgment should be reformed to reflect the correct prosecuting attorneys. We modify the judgment to correct the attorneys' names and affirm the judgment as modified.

Appellant was indicted for continuous sexual abuse of his biological daughter, B.R. According to B.R., appellant began sexually abusing her when she was twelve years old. The abuse progressed to the point that he forced B.R. to have sex with him multiple times a week. B.R. did not tell her mother about the abuse because she was afraid of appellant.

When B.R. began to exhibit symptoms of trauma, her mother took her to a clinic where she met with a social worker, Amnita Sandoval. B.R. revealed the abuse to Sandoval who reported it immediately to Child Protective Services. The clinic then informed the police. Appellant was arrested later that evening. During a taped interview, appellant admitted to having sexual intercourse with B.R. stating that he was "teaching" her about sex.

Appellant pleaded not guilty to the charges against him. After hearing the evidence, a jury convicted him and sentenced him to fifty years in prison. Appellant brings this appeal challenging the conviction.

In his first issue, appellant contends the trial court erred in admitting extraneous offense evidence introduced by the State. Specifically, appellant complains his wife was allowed to testify there was violence in their marriage and that he hurt her on occasions. Appellant argues this evidence was not offered for a permissible purpose under the Texas Rules of Evidence.

Although appellant objected to his wife's testimony, Sandoval later testified at trial without objection that B.R. told her appellant slapped her mother in front of another family member and was arrested. In addition, B.R. testified without objection that she was afraid to tell her mother appellant was sexually abusing her because "a lot of times [appellant] would hit us hard, like, leave us bruises and marks. I was afraid he would do something to my family."

It is well settled that any error in the admission of evidence is cured where the same evidence is later admitted during trial without objection. *See Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Defense counsel must object every time allegedly inadmissible evidence is offered. *Hudson* 675 S.W.2d at 511; *Ethington*, 819 S.W.2d at 858. Because appellant objected only the first time the alleged extraneous offense evidence was offered and failed to either object to later testimony on the same subject matter, request a running objection, or ask for a hearing on the matter outside

the presence of the jury, we conclude appellant did not preserve error on this issue. *See Ethington*, 819 S.W.2d at 859–60. We resolve appellant's first issue against him.

In his second issue, appellant contends the judgment should be modified to correct the name of the State's counsel. The judgment states the attorney representing the State at trial was Jason Fine. The record, however, shows the State was represented by Kelly Benavides and Reynie Tinajero. The State agrees the judgment should be modified to reflect the correct attorneys. Accordingly, we modify the trial court's judgment to delete the name Jason Fine and to add Kelly Benavides and Reynie Tinajero as attorneys for the State. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, the judgment is affirmed.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.1

151153F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICENTE R. RIOS, Appellant

No. 05-15-01153-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1424969-T.
Opinion delivered by Justice Francis.
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The name Jason Fine is to be deleted as Attorney for State and the names Kelly Benavides and Reynie Tinajero are to be added as Attorneys for State.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 3, 2017.