NO. 07-03-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2004
_____

ROBERT JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439,339; HON. BRADLEY UNDERWOOD, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant, Robert Johnson, appeals his conviction for possessing a controlled substance (cocaine) in a drug free zone. In doing so, he contends the trial court erred 1) in failing to suppress evidence obtained as a result of an illegal search, and 2) in admitting certain evidence regarding ownership by the Lubbock Independent School District (LISD) of property within the drug free zone where the crime occurred. We affirm the judgment of the trial court.

## *Background*

On March 9, 2002, at approximately 11:00 p.m., Officer Tony Bernal observed the vehicle in which appellant was a passenger make a turn without using its turn signal. Bernal followed the vehicle and stopped it. He noticed appellant making furtive movements and therefore approached the passenger side first. Bernal asked appellant to exit the vehicle and conducted a pat-down weapons search of appellant. Finding nothing, he had appellant return to the vehicle and sought identification from appellant and the driver. Appellant stated that his birth name was Little Joe. While Bernal was waiting for the dispatcher to relay information on that name to him, he again observed appellant making furtive movements in the vehicle.

By the time Bernal learned there was no one with the name given him by appellant, Lieutenant Bowen had arrived as back-up. Bernal approached the driver's side and asked the driver to step out to the rear of the vehicle. He then conducted a weapons pat-down of the driver and requested permission to search the vehicle, which was given. At that time, appellant was again asked to step out of the vehicle, and Bernal asked for permission to search his person including his pockets. Appellant consented, and the search proceeded until the officer saw appellant's baseball cap and reached for it. At that time, appellant slapped the officer's hand away and a struggle ensued. During the struggle, appellant dislodged something from the cap and threw it on the ground towards the driver's side of the vehicle. Appellant was handcuffed and the item was retrieved by Bowen. It was later identified to be crack cocaine.

### Issue One - Motion to Suppress

In his first issue, appellant claims the trial court erred in denying his motion to suppress because the officer had effectively completed the search for which he had consent and then commenced a new search for which he neither had consent nor further suspicion. Alternatively, he contends that consent was withdrawn. We overrule the issue.

By filing a motion to suppress, a defendant reserves the right to complain of the admission at trial of the evidence that was the subject of that motion without the necessity of making further objection. *Gearing v. State,* 685 S.W.2d 326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State,* 956 S.W.2d 33 (Tex. Crim. App. 1997). However, when he affirmatively states he has no objection to the evidence at the time it is sought to be admitted at trial, he waives error. *Jones v. State,* 833 S.W.2d 118, 126 (Tex. Crim. App. 1992), *cert. denied,* 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993); *Moody v. State,* 827 S.W.2d 875, 889 (Tex. Crim. App.), *cert. denied,* 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992); *Gearing v. State,* 685 S.W.2d at 329. At the time the cocaine was offered into evidence, appellant stated that he had "[n]o objection." Therefore, he has waived his complaint, and we must overrule the issue.

### Issue Two - Evidence of Ownership

In his second issue, appellant contends the trial court erred in admitting evidence uttered by an LISD police officer (Lucio Trevino) about the LISD's ownership of real property within the drug free zone and in admitting a 1995 deed without further proof that ownership of the property had not subsequently changed. We overrule the issue.

Officer Trevino testified that he worked for the LISD Police Department and was responsible for patrolling its property in North Central Lubbock. He also stated that the Pete Ragus Aquatic Center was in his district, as was the Lubbock High School tennis courts next to it. Appellant objected, however, to his testimony that the property was owned by the LISD because the officer had no personal knowledge of that. Assuming *arguendo* that the admission of these utterances constituted error, we note that Officer Bernal and Louis Dean Wood (an LISD employee) also testified, without objection, that the property alluded to by Trevino was owned by the LISD. So, any error in the admission of Trevino's comments was cured when the same evidence came in elsewhere without objection. *Hudson v. State,* 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); *McGee v. State,* 35 S.W.3d 294, 301 (Tex. App.--Texarkana 2001, pet. ref'd).

Appellant also contends that the trial court should not have allowed the admission into evidence of a 1995 warranty deed through which the subject property was deeded to the LISD. This is so, he argues, because it was irrelevant. Furthermore, it was allegedly irrelevant because the State failed to prove that the LISD still owned the property in March 2002, *i.e.* the date the crime occurred.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. Additionally, we review the decision to admit the evidence under the standard of abused discretion. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Next, we note that the warranty deed was not the only evidence illustrating ownership of the property; again, Officer Bernal and Louis Dean so testified. Moreover,

4

a witness also described how tennis courts and an aquatic center were built on the property for a local LISD high school and for LISD students and how those facilities were currently being used by the high school and students. So, the deed, when coupled with the other testimony we described in this paragraph, rendered more probable the fact that the LISD owned the property in March of 2002. Consequently, the decision to overrule appellant's objection on the basis of relevance was not an abuse of discretion.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam


Do not publish.

5