Affirmed and Memorandum Opinion filed April 5, 2005









Affirmed
and Memorandum Opinion filed April 5, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01390-CR

____________

 

JOHN LOUIS JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st
District Court

Washington County, Texas

Trial Court Cause No. 13,529

 



 

M E M O R A N D U M   O P I N I O N

Appellant John Louis Johnson brings this
appeal from his conviction for aggravated assault with a deadly weapon, for
which he was sentenced to five years in prison. 
In three points of error, appellant argues that the evidence was legally
and factually insufficient to support his conviction and that he received
ineffective assistance of counsel.  We
affirm.

Background








On December 2, 2001, appellant, a former
prison guard, went to the Benz 2000 club in Brenham, Texas.  Appellant’s cousin, Brent Cooper, was asked
to leave the club after an argument over a pool game.  Cooper went outside, where a fight began with
Sean Taylor and others.  Appellant was
summoned from the club to help his cousin leave the club.  During the scuffle surrounding Cooper’s exit
from the scene, appellant’s friend, Donte Jefferies, was found to be “cut” in
the stomach.  One of the men involved in
the affray, Sean Taylor, struck appellant with a wooden table leg while
appellant attempted to help Jefferies into his (appellant’s) running truck to
take Jefferies to the hospital.  

After he was struck, appellant testified
that he saw Taylor and Taylor’s cousin, Alan Ausby, both holding table legs,
coming back toward him.  He testified
that his truck was being pelted with rocks and/or sticks and bottles.  He reached into his truck, retrieved his
.410-gauge shotgun, which was loaded with small bird shot, and fired a single
shot in the direction of Taylor and Ausby. 
Ausby was struck by a single pellet in his shoulder.  Appellant then put the gun back in his truck
and left the scene alone, not knowing whether he had hit anyone.  He was arrested later that evening and
charged with aggravated assault with a deadly weapon.  A jury found him guilty of that offense and
sentenced him to five years in prison.

In his appeal, appellant claims that the
evidence was legally and factually insufficient to convict him of the crime
since no rational jury should have rejected his claim of self-defense and that
his counsel was ineffective for his failure to object at certain times during
the trial and to request a certain jury charge regarding appellant’s
self-defense claim. 

Legal and Factual Sufficiency

In his first and second points of error,
appellant claims that the evidence is legally and factually insufficient to
support the jury’s rejection of his claim of self-defense.  We disagree.








A defendant has the
burden of producing some evidence in support of a claim of self-defense; once
he produces such evidence, the State then bears the burden to disprove the
raised defense.  Zuliani v. State,
97 S.W.3d 589, 594 (Tex. Crim. App. 2003). 
The burden of persuasion is not one that requires the production of
evidence; rather, it requires only that the State prove its case beyond a
reasonable doubt.  Id.  There is an implicit finding against the
defensive theory when a jury finds the defendant guilty.  Id. 


When a defendant
challenges the legal sufficiency of the evidence supporting the fact-finder’s
rejection of a claim of self-defense, we do not look to whether the State
presented evidence refuting the appellant’s self-defense testimony.  Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).  Instead, we
determine whether, after viewing all of the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found,
beyond a reasonable doubt, both 1)  the
essential elements of the crime and 2) against the appellant on the
self-defense issue.  Id.  When a defendant challenges the factual
sufficiency of the evidence supporting a fact finder’s rejection of a defense,
we review all of the evidence in a neutral light.  Zuliani, 97 S.W.3d at 593–95.  We then ask whether the State’s evidence,
taken alone, is too weak to support the finding and whether the proof of guilt,
although adequate if taken alone, is against the great weight and preponderance
of the evidence.  Id.  

In order for the
State to prove that appellant committed aggravated assault with a deadly
weapon, it had to prove, beyond a reasonable doubt, that he used or exhibited a
deadly weapon to intentionally, knowingly, or recklessly cause bodily injury to
Alvin Ray Ausby.  Tex. Pen. Code Ann. §§ 2201.(a)(1); 22.02(a)(2) (Vernon
2003).  In Texas, an individual is
justified in using force against another when and to the degree he reasonably
believes that the force is immediately necessary to protect himself against the
other’s use or attempted use of unlawful force. 
Tex. Pen. Code Ann. §
9.31(a) (Vernon 2003).  Use of deadly force
is justified against another if the actor would be justified in using force
against another under Section 9.31; if a reasonable person in the actor’s
situation would not have retreated; and when and to the degree the actor
reasonably believes the deadly force to be necessary to protect himself against
the other’s use or attempted use of unlawful deadly force.  Tex.
Pen. Code Ann. § 9.32(a) (Vernon 2003) (emphasis added).








All witnesses,
including appellant, testified that the scene was violent, emotional, and
chaotic, especially since each person involved had consumed some amount of
alcohol that evening.  It is undisputed
that Ausby and Taylor had wooden table legs in their possession, and that Taylor
actually struck appellant prior to appellant’s firing of his shotgun.  However, the extent of appellant’s injury
and, implicitly, whether it warranted his retaliation by gunfire, was at
issue.  Although appellant testified that
he went to the hospital for treatment three days after being injured in the
fight, the arresting officer, Carl Weisepape, the booking officer, Curtis
Schoen, and the investigating Texas Ranger, Otto Hanak, all testified that
appellant did not request medical treatment the night of the shooting after
they took him into custody.  At the time
of the shooting, the evidence indicates that appellant’s truck was running and
the passenger door was open.  Instead of
getting into his truck and leaving the scene, appellant chose instead to
retrieve his shotgun and fire into the crowd of people.  He testified that he aimed at no particular
person.

Therefore, taking
into account that the issue of self-defense is a fact issue to be determined by
the jury and that the jury is free to accept or reject any defensive evidence,
we find that any rational trier of fact could have found the essential elements
of aggravated assault with a deadly weapon beyond a reasonable doubt.  Saxton, 804 S.W.2d at 913–14.  We also find that a rational trier of fact
could have found against the appellant beyond a reasonable doubt on his
self-defense issue.  Id.  The evidence was thus legally sufficient to
sustain the jury’s rejection of appellant’s self-defense claim.  Id. 


As to appellant’s
factual sufficiency challenge, we find that, after reviewing all of the
evidence in a neutral light, the State’s evidence, taken alone, is not too weak
to support appellant’s conviction; neither is the proof of guilt against the
great weight and preponderance of the evidence. 
Zuliani, 97 S.W.3d at 595. 
The evidence was therefore factually sufficient to support the jury’s
rejection of appellant’s self-defense claim.

We overrule
appellant’s first and second points of error.








 

Ineffective
Assistance of Counsel

In his third and
final point of error, appellant contends he was denied effective assistance of
counsel because his counsel: (1) allowed the State to shift the burden of proof
to appellant on the issue of self-defense by not objecting to the prosecutor’s
remarks during voir dire and closing; (2) failed to object to the prosecutor’s
allegedly improper questioning regarding appellant’s Fifth Amendment right to
remain silent; and (3) failed to request a jury charge on appellant’s right to
defend himself against multiple assailants. 


To prove ineffective
assistance of counsel, a defendant must show that (1) counsel’s performance
fell below an objective standard of reasonableness, under prevailing
professional norms, and (2) there is a reasonable probability that, but for
counsel’s deficient performance, the result of the proceeding would have been
different.  Strickland v. Washington,
466 U.S. 688, 694 (1984); Rodriquez v. State, 899 S.W.2d 658, 664 (Tex.
Crim. App. 1995).  When reviewing a claim
of ineffective assistance of counsel, we must give much deference to trial
counsel and presume counsel made all significant decisions in the exercise of
reasonable professional judgment.  Thompson
v. State, 9 S.W.3d 808, 813 ( Tex. Crim. App. 1999); Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 


Appellant bears
the burden to show counsel's ineffectiveness by a preponderance of the
evidence, and allegations of ineffectiveness must be firmly founded in the
record.  Thompson, 9 S.W.3d at
813; Dewberry v. State, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000). 








We presume that
his counsel’s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  See
Jackson, 877 S.W.2d at 771. 
Appellant has the burden to rebut this presumption by presenting
evidence illustrating why trial counsel did what he did.  See id.  An appellant cannot meet this burden when his
trial counsel’s actions may have been based on tactical decisions, and the
record does not specifically focus on the reasons for trial counsel’s
conduct.  See Bone v. State, 77
S.W.3d 828, 830 (Tex. Crim. App. 2002). In this case, although appellant filed
a motion for new trial, he did not raise the issue of ineffective assistance of
counsel in the motion.  As a result,
because there is no proper evidentiary record developed, it is extremely
difficult to show that the trial counsel’s performance was deficient.  See id. at 833.  Accordingly, we cannot conclude that trial
counsel’s performance was deficient or was anything other than trial strategy.[1]  See Strickland, 466 U.S. at 694;
Jackson, 877 S.W.2d at 771–72.  

Appellant
therefore fails to meet the first prong of Strickland with regards to
all sub-issues under his ineffective assistance of counsel point of error.  466 U.S. at 694.  Appellant’s third and final point of error is
thus overruled.

We affirm the
judgment of the trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief
Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed April 5,
2005.

Panel consists of Chief Justice Hedges and Justices Fowler
and Edelman.

Do Not Publish — Tex.
R. App. P. 47.2(b).








 











[1]  We note that,
although appellant argues his counsel was ineffective for failure to request a
jury charge regarding his right to defend himself against his victim and
others, the application paragraphs of the charge included numerous
references to “Alvin Ausby and or [SIC] others.”  Since the paragraph applying the law to the facts, rather
than the abstract portion of the charge, determines whether error exists in the
charge, appellant’s argument is without merit. 
See Hudson v. State, 675 S.W.2d 507, 512 (Tex. Crim. App. 1984); Frost
v. State, 25 S.W.3d 395, 400 (Tex. App.—Austin 2000, no pet.).