COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-020-CR
 
 
WILLIE ARTHUR BRELAND                                                      APPELLANT
 
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Willie Arthur Breland appeals his convictions for aggravated sexual assault of a 
child under 14 and indecency with a child.  In two issues, appellant 
contends that the trial court erred in admitting extraneous bad act and hearsay 
evidence.  We affirm.
        The 
parties are familiar with the facts, and the applicable law is well settled.
        We 
review a trial court's ruling on the admissibility of evidence under an abuse of 
discretion standard.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. 
Crim. App. 2000).  We will reverse only if the trial court's decision falls 
outside the zone of reasonable disagreement.  Montgomery v. State, 
810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh’g); Couchman v. 
State, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 2003, pet. ref’d).
        In 
his first issue, appellant contends that the trial court abused its discretion 
in admitting pornographic photographs of adult women that were taken from his 
computer.  The State argues that appellant “opened the door" to the 
admission of the photographs when he responded to defense counsel’s question, 
“Did you ever have [R.J.] bend over and take her clothes off and bend over and 
put a blindfold on her?,” by saying, “No. sir.  And I will tell the 
jury, I did not do anything like that.  That was against my morals.”
        Evidence 
of a person’s moral character is generally inadmissible to show action in 
conformity therewith. Tex. R. Evid. 404(a).  A criminal 
defendant is, however, permitted to present evidence of a pertinent character 
trait. Tex. R. Evid. 404(a)(1)(A).  The 
prosecution may rebut character evidence offered by a criminal defendant by 
offering its own character evidence.  Id.  To rebut defensive 
character evidence, the prosecution may cross-examine a character witness about 
specific instances of conduct that are relevant to the character trait or call 
their own character witnesses to give opinion or reputation testimony.  Tex. R. Evid. 405(a).
        Assuming 
without deciding that the admission of the photographs was error, we conclude 
that the error was harmless.  This type of error is nonconstitutional and 
must be disregarded if it does not affect appellant’s substantial rights.  
See Tex. R. App. P. 
44.2(b); Solomon v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).  
Substantial rights are not affected by the erroneous admission of evidence if 
the record provides fair assurance that the error did not influence the jury, or 
had but a slight effect.  Motilla v. State, 78 S.W.3d 352, 355 (Tex. 
Crim. App. 2002); Solomon, 49 S.W.3d at 365.  In assessing the 
likelihood that the jury's decision was adversely affected by the error, we 
consider the entire record, including any testimony or physical evidence 
admitted for the jury's consideration, the nature of the evidence supporting the 
verdict, the character of the alleged error, and how the error might be 
considered in connection with other evidence in the case.  Motilla, 
78 S.W.3d at 355; Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 
2000).  We may also consider the State’s emphasis on the error. Motilla, 
78 S.W.3d at 356.
        After 
reviewing the entire record, we are satisfied that the error, if any, did not 
influence the jury, or had but a slight effect on its decision.  See id. 
at 356; Solomon, 49 S.W.3d at 365.  First, there was ample 
testimonial evidence of appellant’s guilt, including the testimony of the 
complainant, the school counselor, the CPS worker, the nurse who examined the 
complainant, and the complainant’s mother.  The complainant, counselor, 
and nurse all testified about the specific sexual acts appellant committed, and 
the complainant’s mother testified that appellant’s work schedule would have 
given him the opportunity commit those acts.
        Second, 
the photographs were less shocking and offensive than the complainant’s 
graphic description of the acts appellant engaged in with her.  The 
complainant testified that appellant blindfolded her, asked her to bend over, 
and then touched her buttocks with his penis.  She also gave a detailed 
description of how appellant licked her breasts and kissed her tongue.
        Third, 
when considered in the context of the State’s entire case against appellant, 
the emphasis placed on the photographs by the prosecution was minimal.  The 
State’s case-in-chief was based on the testimony of the complainant, the 
school counselor, the CPS worker, and the nurse who examined the 
complainant—not the photographs. The photographs were admitted as rebuttal 
evidence.  The State addressed the photographs during the guilt/innocence 
phase of the trial by asking a police detective thirty-six questions about them 
and only briefly mentioned the photographs during closing arguments.
        Because 
we believe that the alleged error in admitting the photographs had no or only a 
slight effect on the jury’s decision, we overrule appellant’s first issue.
        In 
his second issue, appellant contends that the trial court abused its discretion 
when it admitted Child Protective Services investigator Kathryn Ashmore’s 
testimony that the complainant told her that appellant molested her.  At 
trial, the State questioned Ashmore about the content of her interview with the 
complainant.  The State offered this testimony as evidence of a prior 
consistent statement to rebut appellant’s claim of recent fabrication, and 
also as rebuttal of defense counsel’s claim that the complainant’s 
description of the abuse grew more graphic and detailed over time.
        Assuming 
without deciding that the admission of this testimony was error,[2]  we hold that it was harmless.  Ashmore’s 
testimony was nearly identical to the testimony of two other witnesses that was 
admitted without objection.  Therefore, the admission of the testimony did 
not have a substantial and injurious effect or influence in determining the 
jury's verdict.  See Nethery v. State, 692 S.W.2d 686, 700 
(Tex. Crim. App. 1985); Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. 
App. 1984).   Accordingly, we overrule appellant’s second issue and 
affirm the trial court’s judgment.
  
   
                                                                  PER 
CURIAM
  
  
  
PANEL A:   CAYCE, 
C.J.; DAUPHINOT and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: July 28, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The State concedes that Ashmore’s testimony did not relate statements that the 
complainant made prior to the time the alleged motive to fabricate existed, but 
nonetheless contends that the testimony was properly admitted to rebut defense 
counsel’s claim that the complainant’s description of the abuse grew more 
graphic and detailed over time.