Opinion filed April 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00178-CR 

                                                     __________

 

                                    ELVIS
LEE GORDON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6450-D

 



 

                                                                   O
P I N I O N

 

The jury convicted appellant of aggravated
promotion of prostitution and assessed punishment at confinement for eight
years.  Appellant attacks his conviction
in two issues.  We affirm.

                                                        Sufficiency
of the Evidence








In his first issue, appellant challenges the legal
and factual sufficiency of the evidence supporting his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex. Crim. App. 2000).  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting guilt
is so weak that the verdict is clearly wrong and manifestly unjust or whether
the evidence contrary to the verdict is so strong that the beyond‑a‑reasonable‑doubt
burden of proof could not have been met. Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618 (Tex. Crim. App.
2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996).  The jury is the sole
judge of the weight and credibility of the witnesses=
testimony, and due deference must be given to the jury=s
determination.  Tex. Code Crim. Pro. Ann. art. 36.13 (Vernon 1981), art.
38.04 (Vernon 1979); Johnson, 23 S.W.3d at 8‑9.

Officers Roger Lambert and James Young of the
Abilene Police Department testified that they were working undercover in an
investigation of prostitution activities occurring in the 1000 block of Cypress
Street in Abilene on May 1, 2003.  Upon
observing Kathryn Rose standing outside of a house on Cypress Street, the
officers initiated a conversation with her.[1]  Officer Lambert negotiated an agreement with
Rose wherein she would perform sexual acts on both Officers Lambert and Young
for $20.  Rose initially wanted to
perform the acts in her home located at 1038 Cypress Street, but the officers
declined this invitation.  Instead, the
officers transported Rose in their unmarked vehicle to a nearby alley whereupon
they arrested her for prostitution.

After interviewing Rose at the police station,
Officers Lambert and Young transported her back to 1038 Cypress Street with the
intent of making another prostitution arrest with Rose=s
assistance.  Rose entered the house in
order to ask another prostitute to come out to the officers= vehicle.  Rose shortly returned from the house with
appellant and Angela Ballard following her. 
The officers were surprised that appellant exited the house with Rose
because they did not believe that he was there at the time that they returned.








Officer Young testified that appellant initiated a
conversation with Rose by asking her Awhere
his money was and where she had been.@  Appellant became very agitated when Rose told
him that she had performed a sexual act on Officer Young without being paid for
it in advance.  Appellant then instructed
Officer Young that he had to immediately pay for the sexual act which Rose had
purportedly performed on him before he left with Rose again.  Officer Young stated that appellant
additionally told Rose A[y]ou
know the rules@ in a
loud and demanding manner.  When Officer
Young told appellant that he would pay for the sexual acts after they were
performed, appellant responded to Officer Young by telling him Athat=s
not how he conducts his business.@  Appellant additionally told Officer Young
that he was watching out for the girls that live in the house.  Officer Young testified that Ballard made
similar statements to Rose by telling her A[y]ou
know the rules@ and A[t]hat=s
not how we do business.@  Appellant subsequently ordered Rose to exit
the officers=
vehicle.  The officers arrested appellant
at this time.  Officer Lambert=s description of the encounter with
appellant mirrored Officer Young=s
testimony.  Officer Lambert recalled
appellant stating A[t]hat=s not how I run my operation@ during the confrontation.

In addition to the arresting officers, Rose and
Jaylee Moore testified at trial.  Rose
testified that appellant Agot
her into prostitution.@  Rose stated 
that appellant would set up the Atricks@ for her and that he would bring tricks
over to the house.  She further testified
that appellant would get all of the money she received from prostitution and
that he would buy crack cocaine with the money. Appellant would then split the
crack cocaine with Rose.  Rose testified
that appellant had lived at the house for six months and that he took all of
the money made by the other prostitutes that lived there.  Rose specifically testified that appellant
controlled, managed, and supervised her prostitution activities.

Moore testified that appellant controlled the
house located at 1038 Cypress Street. 
She described the house as Aa
place to come if you had money or wanted to buy drugs or perform sex or a lot
of things to that nature.@  Moore further testified that she gave the
money she made from prostitution to appellant and that she witnessed Rose give
the money she made from prostitution to appellant as well.  She also observed appellant taking money from
men who came to the house to have sex with the prostitutes that lived
there.  Moore testified that appellant
established the rules for the house and that she and Rose were required to
abide by those rules.








Appellant testified on his own behalf at
trial.  He described his relationship to
Rose, Moore, and the other women who worked as prostitutes out of the house as
that of a Aguardian
angel.@  He denied that he served as their pimp.  While he admitted taking money earned by the
prostitutes, he testified he did so as a service to them.  Appellant testified that he acted as the
prostitutes= agent
for purchasing drugs for them.  He stated
that this arrangement was beneficial to the prostitutes because he was able to
get more drugs than they would be able to purchase for the same amount of
money. Appellant denied making any of the comments attributed to him by Officers
Young and Lambert during the confrontation preceding his arrest.

The indictment alleged that appellant engaged in
the following conduct:

[T]hat
on or about the 1st day of May, 2003, and anterior to the presentment of this
indictment, in the County and State aforesaid, ELVIS LEE GORDON did then and
there knowingly own, invest in, finance, control, supervise and manage a
prostitution enterprise that used at least two (2) prostitutes, namely Kathryn
Rose and Jaylee Moore.

 

See Tex. Pen. Code
Ann. ' 43.04
(Vernon 2003).  Appellant=s legal sufficiency challenge focuses
on the date alleged in the indictment (May 1, 2003).  He contends that the evidence is insufficient
to support his conviction because there is no evidence that he controlled Moore
on May 1, 2003.  Appellant=s efforts to restrict the review of the
evidence to acts only occurring on May 1, 2003, are not supported by law.  The Aon
or about@ language
of an indictment allows the State to prove a date other than the one alleged in
the indictment as long as the date is anterior to the presentment of the
indictment and within the statutory limitation period. Sledge v. State,
953 S.W.2d 253, 256 (Tex. Crim. App. 1997). 
With respect to Moore, she testified that she stayed at the house
controlled by appellant from the middle of April to the middle of May.  Accordingly, there is ample evidence that
appellant controlled the prostitution activities of Rose and Moore on a date
that was anterior to the presentment of the indictment and within the statutory
limitations period.  Viewing the evidence
in the light most favorable to the verdict, we conclude that any rational trier
of fact could have found beyond a reasonable doubt that appellant committed the
charged offense.  

Appellant characterizes his factually sufficiency
challenge as follows:  








Considering the evidence in this case, it is
manifestly unjust for the jury to accept as credible proof the testimony of
convicted drug addicted prostitutes, without the testimony of Angela Ballard, a
missing witness, and Jaylee Moore, a multiple convicted thief, drug dealer,
prostitute[.]

 

As noted previously, the jury is the sole judge of the weight and
credibility of the witnesses=
testimony.  The jury was free to reject
the credibility of Rose and Moore based upon their past conduct but chose not
to do so.  The testimony of Rose and
Moore regarding appellant=s
control of their prostitution activities was obviously significant.  The evidence of the words used by appellant
during his confrontation with Officers Young and Lambert was also significant.
Viewing all of the evidence in a neutral light, the evidence supporting the
jury=s verdict
was not so weak as to render it clearly wrong. 
Furthermore, the evidence contrary to the verdict essentially consisted
of appellant=s own
self-serving testimony.  It was not so
strong that the beyond‑a‑reasonable‑doubt burden of proof
could not have been met.  Appellant=s first issue is overruled.

                                            Angela
Ballard=s
Statements

Appellant contends that the trial court erred in
admitting the out-of-court statements of Ballard at trial.  Ballard did not testify at trial.  However, the statements which she made during
appellant=s
confrontation with Officers Young and Lambert were admitted at trial.  Officer Young initially described Ballard=s statements during the confrontation
as follows: 

She kept telling, you know, Rose, you know, AYou know the rules.  That=s
not how we do business,@
and that they have to have the money up front. 
You know she kept saying B
you know, parroting the same thing that Gordon was saying, you know, throughout
this whole incident.

 

This testimony was elicited from Officer Young without
objection.  Officer Lambert also
testified without objection that Ballard told Rose A[y]ou
know to get paid up front; you know to get paid up front@
during the confrontation.  Appellant made
a hearsay objection to the third instance when the  State offered evidence of Ballard=s statements during the
confrontation.  After the trial court
overruled the objection, Officer Lambert repeated his previous testimony that
Ballard told Rose that she was supposed to be paid up front before performing an
act of prostitution.








In order to preserve an evidentiary complaint for
review, a party is required to object each time the inadmissible evidence is
offered.  Ethington v. State, 819
S.W.2d 854, 858 (Tex. Crim. App. 1991). A[I]t
is well settled that an error in admission of evidence is cured where the same
evidence comes in elsewhere without objection.@  Hudson v. State, 675 S.W.2d 507, 511
(Tex. Crim. App. 1984).  Thus, appellant
failed to preserve his complaint regarding the statements which Ballard made
during the confrontation by not objecting to each instance when this evidence
was offered.  We note in this regard that
appellant testified extensively about the matters which he believed Ballard
stated to the police during the confrontation. 
He asserted that Ballard made most of the statements which the police
officers attributed to him.  Appellant=s second issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]Officer Lambert recognized Rose from a previous
encounter.