NO. 07-08-0480-CR
NO. 07-08-0481-CR
NO. 07-08-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 20, 2009

______________________________


ANGEL HERNANDEZ CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NOS. B 3191-0809; B 3192-0809; & B 3193-0809; HONORABLE ED SELF, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following pleas of not guilty, Appellant, Angel Hernandez Castaneda, was convicted
by a jury of aggravated sexual assault in cause number B 3191-0809, aggravated
kidnapping in cause number B 3192-0809, and burglary of a habitation in cause number
B 3193-0809. Respectively, Appellant was sentenced to ninety-nine years confinement
and a $10,000 fine, ten years confinement and a $5,000 fine,


 and ninety-nine years
confinement and a $10,000 fine. In presenting this appeal, counsel has filed an Anders



brief in support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling
authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the
requirements of Anders and In re Schulman by (1) providing a copy of the brief to
Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and
(3) informing him of his right to file a pro se petition for discretionary review. In re
Schulman, 252 S.W.3d at 408.


 By letter, this Court granted Appellant thirty days in which
to exercise his right to file a response to counsel’s brief, should he be so inclined. Id. at
409, n.23. Appellant filed a response. The State did not favor us with a brief.
          By the Anders brief, counsel raises a potential issue of legal and factual sufficiency
of the evidence. He then concludes after a review of all the evidence that under the
appropriate standards of review, reversal is not required. 
          By the pro se response, Appellant mistakenly believes that counsel has already
been permitted to withdraw from this appeal and requests that the Anders brief be
“dismissed” so that he may present the merits of his appeal.


 He alleges his appellate
attorney is ineffective for filing the Anders brief and also alleges the circumstantial evidence
is weak.
          We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record,
counsel’s brief, and Appellant’s pro se response, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgments
are affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.




t appellant failed to preserve the issue of the polygraph
evidence for review. See Tex. R. App. P. 33.1(a)(1). Appellant counters that she made a
timely objection and that, since there was no jury, there was no necessity for a motion for
mistrial and, therefore, all steps necessary to preserve the issue for appeal had been
accomplished. Assuming trial counsel’s statement of “Okay” was not acquiescence to the
trial court’s ruling,


 appellant’s contention is erroneous for another reason. This was not the
only time the issue of polygraph testing was raised. The record reflects that the State,
apparently based upon the trial court’s ruling, returned to the subject a number of times
during the direct examination of Renshaw. Trial counsel never again objected nor indicated
any dissatisfaction with the trial court’s previous ruling. Trial counsel could preserve the
alleged error in the admission of the polygraph testimony by either objecting each time a
question concerning the results of the polygraph test was asked or by obtaining a
continuous or running objection to that line of questioning. See Hudson v. State, 675
S.W.2d 507, 511 (Tex.Crim.App. 1984) (holding that defense counsel must object each time
allegedly inadmissible evidence is offered); Ethington v. State, 819 S.W.2d 854, 858-59
(Tex.Crim.App. 1991) (approving the use of a continuous or running objection to an entire
line of questions). In the case before us, appellant did not object each time nor obtain a
running objection, therefore, the issue has not been preserved for appeal. Tex. R. App. P.
33.1(a)(1). Accordingly, appellant’s sole issue is overruled.


 
Conclusion
          Having overruled appellant’s only issue, the judgments of the trial court are affirmed.
 
                                                                                      Mackey K. Hancock

                                                                                                Justice

 
 
 
 
Do not publish.