Opinion issued January 27, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-10-00028-CR

———————————

James Harold Chenier, Appellant

V.

THE State OF
TEXAS, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1177077

 



 

MEMORANDUM OPINION

          Appellant,
James Harold Chenier, appeals a judgment convicting him for aggravated assault
with a deadly weapon.  See Tex. Penal Code
Ann. §§ 22.01(a)(2),
22.02(a)(2) (West Supp. 2010).  Appellant pleaded not guilty to the jury.  The jury found him guilty and assessed punishment
at forty-three years in prison and a $10,000 fine.  In two issues, appellant contends that the
evidence is factually insufficient to sustain his conviction, and that the
trial court abused its discretion by admitting evidence in violation of Texas
Rule of Evidence 403.  We conclude that
the evidence is sufficient and that appellant waived his evidentiary challenge
by not asserting it at trial.  We affirm.

Background

          The
complainant, Tonyia Banks, and appellant lived together during 2007 and
2008.  On August 1, 2008, Banks arrived
home from work at approximately 11:30 p.m. 
Appellant did not arrive until about two in the morning.  Appellant appeared to be intoxicated and
began an argument with Banks about the rent money.  Banks informed appellant that she had no
money on her and that they would go to the bank in the morning.  Appellant then demanded that Banks return his
gun that she had hidden a few days earlier when appellant, who had been drinking,
threatened to hurt himself.  Banks
retrieved the gun and handed it to appellant because it was his and he was
insistent.  

          Banks
returned to the bedroom and lay down on the bed.  When appellant entered the room, he began
choking Banks with his left hand while holding the gun against her head with
his right hand.  Appellant told Banks
that he would kill her, that nobody would ever miss her, and that he would also
kill her son.  Appellant then removed the
gun from Banks’s head, but remained in the room, pacing.  Banks was afraid that appellant was going to
shoot her because he had a gun and was upset.

After appellant left the room,
Banks called 911.  When police officers
arrived, appellant answered the door unarmed and appeared surprised.  Noticing that Banks’s eyes were teary,
Officer Gonzales spoke alone to Banks, who revealed that appellant had used a
gun.  Banks then took Gonzales into the
bedroom and showed him six guns that belonged to appellant.  An investigation into the recovered guns
revealed that two were stolen.

Sufficiency of the Evidence

          In
his first issue, appellant challenges the factual sufficiency of the evidence
to support the finding that he intentionally or knowingly threatened
Banks.  

          A.      Standard of Review

This Court reviews both legal and
factual sufficiency challenges using the same standard of review.  Ervin v. State, No. 01-10-00054-CR, 2010 WL 4619329, at
*2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. filed) (construing
majority holding of Brooks v. State, 323 S.W.3d 893, 912, 926 (Tex. Crim. App. 2010)).  Under this standard, evidence is
insufficient to support a conviction if considering all the record evidence in
the light most favorable to the verdict, no rational factfinder could have
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); In re Winship, 397 U.S. 358,
361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009);
Williams v. State, 235 S.W.3d
742, 750 (Tex. Crim. App. 2007). 
Viewed in the light most favorable to the verdict, the evidence is
insufficient under this standard in two circumstances:  (1) the record contains no evidence, or
merely a “modicum” of evidence, probative of an element of the offense; or (2)
the evidence conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11; Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.  

If an
appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  See
Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).  An
appellate court determines whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict. 
See Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).  Circumstantial evidence can be as probative
as direct evidence in establishing the guilt of an actor, and circumstantial
evidence alone can be sufficient to establish guilt.  Id.  An appellate court presumes that
the factfinder resolved any conflicting inferences in favor of the verdict and
defers to that resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court also defers to the factfinder’s evaluation of the credibility
and weight of the evidence.  See Williams, 235 S.W.3d at
750.

          B.      Applicable Law

A person commits aggravated assault if he (1) intentionally
or knowingly threatens another with imminent bodily injury and (2) uses or
exhibits a deadly weapon in the course of threatening the other with imminent
bodily injury.  Tex. Penal Code Ann.
§§ 22.01(a)(2), 22.02(a)(2).  A firearm
is considered a deadly weapon.  See id. § 1.07(a)(17)(A) (West Supp.
2010).  The jury may infer an intentional
or knowing mental state from any facts tending to prove its existence,
including the acts, words, and conduct of the accused.  Hart v.
State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).  Direct evidence of threatening language or
gestures is not required to prove a defendant’s knowledge or intent.  Dobbins
v. State, 228 S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d,
untimely filed); see Hart, 89 S.W.3d
at 64.  

          C.      Analysis

          Appellant contends that the evidence
is factually insufficient to support the jury’s verdict, specifically the
element that he intentionally or knowingly threatened Banks.  Although Banks testified that appellant put
the gun to her head on several occasions, appellant asserts that “no evidence
was presented that appellant pointed the gun at her, placed the gun to her
head, or that his actions were threatening or done in a dangerous manner.”  Appellant concludes that because the State
failed to provide any type of description as to how he wielded the gun, the
State failed to prove beyond a reasonable doubt a key element of their case. 

          An
examination of the entire record shows sufficient evidence of the requisite
intent to uphold the conviction for aggravated assault.  Banks testified that appellant pulled the
covers off her, placed his left hand on her throat, and placed the gun to her
temple with his right hand.  She also
testified that while appellant was holding the gun “against [her] head,” he
told her that “he would kill [her] and nobody would ever miss [her].”  Banks further testified that appellant told
her that he knew where her son lived and that he would kill her son as
well.  Banks described how appellant
wielded the gun, and that his actions were threatening.  Viewing the evidence in the light most
favorable to the verdict, we conclude that the jury could have rationally found
that appellant intentionally or knowingly threatened Banks with a deadly
weapon.  We hold the evidence is
sufficient to prove appellant’s guilt for aggravated assault.  Cf.
Tidwell v. State, 187 S.W.3d 771, 773, 775 (Tex. App.—Texarkana 2006, pet. struck)
(holding evidence legally sufficient to sustain aggravated assault conviction
where appellant possessed revolver and used verbal threat even when she did not
point gun directly at anyone).  

          We
overrule appellant’s first issue.

Rule 403

          In his
second issue, appellant claims that the trial court abused its discretion by
admitting evidence that two of the guns found in appellant’s apartment were
stolen.  Specifically, appellant contends
that the probative value of the stolen guns is substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury, by
considerations of undue delay, or by needless presentation of cumulative
evidence and, therefore, should have been excluded.  See
Tex. R. Evid. 403.

A.              
Applicable Law

To preserve a complaint for appellate review, the complaining
party must make a specific, timely request, objection, or motion and obtain a
ruling on the same.  Tex. R. App. P. 33.1(a); Tex. R.
Evid. 103(a)(1); Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002). 
Subject to two exceptions, a party must continue to object each time
inadmissible evidence is offered.  Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003).  The two
exceptions require counsel to either (1) obtain a running objection or (2)
lodge a valid objection to all the testimony he deems objectionable on a given
subject at one time outside the hearing of the jury.  Id.;
Ethington v. State, 819 S.W.2d 854,
859 (Tex. Crim. App. 1991).  “Despite the
improper form and content of the question, it is well settled that an error in
admission of evidence is cured where the same evidence comes in elsewhere
without objection . . . .”  Hudson v. State, 675 S.W.2d 507, 511
(Tex. Crim. App. 1984).  Therefore, if a
defendant fails to object until after a question has been asked and answered
and no legitimate reason is shown for the delay, his objection is untimely and the
prior error is waived.  Lagrone v. State, 942 S.W.2d 602, 618
(Tex. Crim. App. 1997).

B.              
Analysis

At trial, appellant’s trial counsel objected to the testimony
regarding the stolen guns on the basis of relevance: “I’m going to object, Your
Honor, to relevance with regard to what he determined with regard to running
the weapons and what he determined as to how that’s relevant to the offense
that’s in front of the jury.  Objection,
relevance.”

On appeal, appellant contends that the trial court abused its
discretion in admitting this evidence under Rule 403.  He asserts that the evidence was not probative
and that its sole purpose was to incite and impassion the jury against
him.  However, the jury had already heard
evidence from two different witnesses that the guns were stolen, without
objection from appellant.  Under
established case law, the Rules of Evidence, and the Rules of Appellate
Procedure, appellant did not preserve error because he failed to object to this
evidence the first time it was presented. 
Any error is cured where the same evidence comes in elsewhere without
objection.  See Ethington, 819 S.W.2d at 858 (citing Hudson, 675 S.W.2d at 511).

          We
overrule appellant’s second issue.

Conclusion

We affirm the judgment of the trial court.  

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.  Tex. R. App. P. 47.2(b).