**Affirmed and Memorandum Opinion filed October 27, 2011.**



**In The**

# Fourteenth Court of Appeals

———————————

**NO. 14-09-00982-CR**
**NO. 14-09-00987-CR**

———————————

**RENE GOMEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 07CR3214 & 07CR3215**

## MEMORANDUM OPINION

A jury convicted appellant Rene Gomez of two counts of aggravated sexual assault of a child and the jury assessed punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. TEX. PENAL CODE ANN. § 22.021 (West 2011). Appellant challenges the judgment and contends that the trial court abused its discretion in allowing a therapist to testify about statements the complainant made during "play therapy." Because appellant failed to preserve this

argument for appeal, and because, in any event, the admission of this evidence was neither erroneous nor harmful, we affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

At the time of the offense, appellant was dating the mother of the five-year-old complainant, K.C. The child and her mother had been living with appellant for approximately eighteen months when, on September 11, 2007, K.C. told her mother that appellant had been "rubbing his pee pee in [her] front and back." K.C.'s mother contacted police and brought the child to the Children's Advocacy Center in Galveston and to the University of Texas Medical Branch for evaluation. K.C. entered counseling with Cindy Hammons, a licensed professional counselor who specializes in working with children and adolescents.

The State intended to introduce Hammons's testimony, based on play-therapy theory, that K.C.'s behavior was "not inconsistent with a child of sexual abuse." Because this testimony would be based on specialized scientific knowledge, the State requested a *Daubert* hearing to establish the validity of Hammons's methods. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93, 113 S. Ct. 2786, 2796, 125 L. Ed. 2d 469 (1993). The trial court ruled that Hammons could describe play therapy and recount what she saw K.C. do and heard K.C. say during play-therapy sessions, but that she could not provide any interpretations of K.C.'s behavior or statements. Hammons testified that play therapy is a well-recognized means of communicating with and treating very young children. Hammons further testified that K.C. said that appellant had hurt her, that she was afraid he was going to find her and hurt her again, and that he had "touched [her] with his pee pee . . . at her private parts." In the sole issue presented for our review, appellant contends that the admission of this testimony was harmful error.

2

## II.  ANALYSIS

We review a trial court's decision to admit evidence under an abuse-of-discretion standard.  *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006).  Under this standard, we affirm a trial court's ruling unless its determination lies outside the zone of reasonable disagreement.  *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).  If the trial court's decision is correct under any theory of law applicable to the case, we will sustain the decision.  *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

Appellant contends that in recounting the statements K.C. made during counseling sessions, Hammons did not rely on the results of any play therapy.  He contends that such statements should have been excluded as hearsay.

There are several problems with appellant's argument.  First, appellant did not object at trial to the admission of this testimony.  Instead, he objected to the State's proposed introduction of Hammons's expert testimony interpreting K.C.'s behavior during play therapy.  The trial court sustained that objection.  Thus, after asking Hammons to describe play therapy—testimony which only provided context for K.C.'s statements—the State simply elicited factual testimony about what Hammons observed K.C. say and do.  Because appellant did not object at trial that this testimony was hearsay, the argument that he makes on appeal is waived.  *See* TEX. R. APP. P. 33.1(a).  Moreover, K.C.'s mother testified that her daughter made such statements to her as well.  Thus, even if appellant had objected, and even if the trial court had erred in overruling the objection, the admission of this cumulative evidence would not have been harmful.  *See Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984) (noting the general rule that the erroneous admission of evidence is cured if the same evidence is admitted elsewhere without objection); *see also* TEX. R. APP. P. 44.2(b) (in reviewing a criminal case, an appellate court must disregard nonconstitutional errors that do not affect substantial rights).

We accordingly overrule the sole issue presented for our review and affirm the trial court's judgment.


/s/      Tracy Christopher
         Justice


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).