**Christopher James VESSELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–95–00128–CR.**

Court of Appeals of Texas, El Paso.

Oct. 31, 1996.

Norbert J. Garney, El Paso, for appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before LARSEN, McCLURE and CHEW, JJ.

## *OPINION*

CHEW, Justice.

Christopher James Vessels appeals his jury conviction for capital murder. TEX.PE-NAL CODE ANN. § 19.03.[1] The state did not seek the death penalty, and the court as-sessed a life sentence in accordance with the statute. Vessels complains the trial court erred in admitting an unrecorded oral state-ment in violation of his constitutional and statutory rights. We affirm the judgment.

This case stems from the August 29, 1993 shooting death of Tony Dang, whose body was discovered in an East El Paso park. The same night, the appellant went to the county hospital for treatment for a gun shot wound to his hand. During the course of separate but convergent police investigations, one involving the appellant as a shooting victim and the other involving the death of Tony Dang, the appellant gave police several oral statements at the hospital. The appel-lant's first statement, given to a patrol offi-cer, was essentially that he was the victim of a drive-by shooting. The second statement, given to a homicide investigator, was initially much the same as the first. However, when the detective asked if the appellant knew Dang, the appellant gave another statement to the effect that he had gone with Dang to the park to conclude a drug transaction and that they had been separately ambushed. The detective testified that before the appel-lant gave him the statement, and though he did not necessarily consider the appellant a suspect, the officer did read appellant his *Miranda*[2] rights. The appellant repeated this statement at least two more times and the last time the statement was recorded.

At trial, when detective began to testify about the appellant's statements, the court overruled appellant's objection that the state-ment was hearsay and was an oral statement not recorded pursuant to TEX.CODE CRIM. PROC.ANN. art. 38.22 (Vernon 1979 and Supp. 1996).[3]

---

1. Added by Act of May 28, 1973, 63rd Leg., R.S. ch. 426, art. 2, § 1, 1973 TEX.GEN.LAWS 1123. Amended by Act of May 27, 1983, 68th Leg., R.S., ch. 977, § 6, 1983 TEX.GEN.LAWS 5311, 5317; Act of April 15, 1985, 69th Leg., R.S., ch. 44, § 1, 1985, TEX.GEN.LAWS 434; Act of May 27, 1991, 72nd Leg., R.S., ch. 652, § 13, 1991 TEX.GEN.LAWS 2397; Act of May 28, 1993, 73rd Leg., R.S., ch. 887, § 1, 1993 TEX.GEN.LAWS 3529; and Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 TEX.GEN.LAWS 3586, 3613–14 (now TEX.PENAL CODE ANN. § 19.03 [Vernon 1994]).

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Vessels' counsel actually complained the state-ment's admission violated Article 38.21, which provides that an accused's statement may be used in evidence against him if freely and volun-tarily given pursuant to the rules. We think counsel intended to refer to Article 38.22.

At trial, Vessels testified. His testimony was that he and Dang went to the park together to buy five kilograms of cocaine, a transaction arranged by the appellant, and that Vessels had with him a .25 caliber pistol and a briefcase with $50,000. When they arrived at the park, a struggle over the gun happened; Dang was fatally shot five times and the appellant was wounded in the hand.

In a single point of error, the appellant has complained that the trial court erred in admitting into evidence the unrecorded oral statements he made to the detective, violating his Fifth Amendment right and Articles 38.21 and 38.22 of the Texas Code of Criminal Procedure. The appellant has, however, only argued that Article 38.22 was violated. Accordingly, we have only considered that point. TEX.R.APP.P. 74(f); see, e.g., *Coble v. State*, 871 S.W.2d 192, 202 (Tex.Crim.App. 1993), *cert. denied*, 513 U.S. 829, 115 S.Ct. 101, 130 L.Ed.2d 50 (1994).

Article 38.22, § 3 provides:

(a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

   (1) an electronic recording, which may include motion picture, videotape, or other visual recording, is made of the statement;

   (2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

   (3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;

   (4) all voices on the recording are identified; and

(5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article. TEX.CODE CRIM.PROC. ANN. art. 38.22, § 3.

Though the State has argued that: (1) the appellant failed to preserve any complaint about the statement because there was no objection to the statement made to the patrol officer and so the same evidence came in from another source without objection, *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim. App.1984); *Love v. State*, 909 S.W.2d 930, 946–47 (Tex.App.—El Paso 1995, pet. ref'd); and (2) that the appellant cannot complain now when his own testimony established the same facts as those to which the appellant addressed an objection. *Aguirre v. State*, 683 S.W.2d 502, 508 (Tex.App.—San Antonio 1984, pet. ref'd). Because the evidence given by the appellant on the stand is sufficiently different and, indeed, far more incriminating than any of his oral statements, we decline to find that the appellant either waived his complaint or that his testimony established the same facts established by the objected to statement.

Instead, we find the more obvious and evident resolution to the appellant's complaint to be that Article 38.22, Section 3 only applies to custodial interrogations. Section 5 of Article 38.22 specifically allows the admission of a statement that does not stem from custodial interrogation.[4] *Morris v. State*, 897 S.W.2d 528, 531 (Tex.App.—El Paso 1995, no pet.).

■■■■ A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Stansbury v. California*, 511 U.S. 318, 320–24, 114 S.Ct.1526, 1528–29, 128 L.Ed.2d 293, 298–99 (1994); *Dowthitt v. State*, 931 S.W.2d 244 (Tex.Crim.App. 1996).

---

**4.** Article 38.22, § 5 provides: Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law. TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5.

A reasonable person standard presupposes an innocent person. *Florida v. Bostick*, 501 U.S. 429, 438, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389, 400–01 (1991); *Dowthitt*, slip op. at 11. Moreover, the subjective intent of law enforcement officials to arrest is irrelevant unless that intent is somehow communicated or otherwise manifested to the suspect. *Stansbury v. California*, 511 U.S. at 325–26, 114 S.Ct. at 1530, 128 L.Ed.2d at 300; *Dowthitt*, 931 S.W.2d at 254. The Court of Criminal Appeals in *Shiflet v. State*, 732 S.W.2d 622, 629 (Tex.Crim.App.1985), outlined four general situations that may constitute custody: (1) when the police physically deprive a suspect of his freedom in any significant way, such as when police take the suspect to the station or put him in the back of the patrol car; (2) when police tell a suspect he is not free to leave; (3) when police create a situation that would lead a reasonable person to believe police had significantly restricted his freedom of movement; and (4) when police have probable cause to arrest the suspect and do not tell him he is free to leave. *Shiflet*, 732 S.W.2d at 629; *Dowthitt*, 931 S.W.2d at 254.

 There is nothing in the record before us that in any way shows that the appellant was in police custody when he made any of his several oral statements. There is no evidence that he was restrained, that a guard was posted, that he was told not to leave, that he was handcuffed, or that he was under arrest. The record also does not show whether appellant was even physically or medically capable of leaving the hospital. The *Stansbury* standard presupposes a reasonable innocent person. A reasonable innocent person might expect to be questioned by police after being wounded by gunfire. Though the detective knew there was some connection between the appellant and the victim—the detective had recovered Dang's wallet from the appellant's mother—the evidence does not show he displayed any suspicions about the appellant's role in the shooting. We concluded, that under the *Stansbury* standard, adopted by *Dowthitt*, none of the appellant's unrecorded statements to either officer, including the objected to oral statements given to the detective, were the result of a custodial interrogation.

Moreover, even if the interrogations had been custodial, the restrictions on custodial, unrecorded oral statements do not apply to statements that contain assertions of facts or circumstances that investigators find to be true and that tend to establish an accused's guilt, such as facts that lead to the recovery of stolen property or the instrument with which an accused says the crime was committed. Article 38.22, § 3(c); *Port v. State*, 791 S.W.2d 103, 107–08 (Tex.Crim.App. 1990). The appellant told the detective that he went to see his girlfriend after the shooting and this led the detective to the discovery of the victim's missing jewelry. The recovery of the jewelry helped establish the appellant's guilt and thus the statements would be otherwise admissible under Section 3(c).

We find that the trial court properly admitted the evidence complained of here, and therefore overrule the appellant's point of error and affirm the judgment.