Ismael **MARTINEZ**, Appellant

v.

The **STATE** of Texas, Appellee

NO. 14–14–00886–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 9, 2016

Daucie Shefman Schindler, Houston, TX, for Appellant.

Jessica Akins, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

## OPINION

Ken Wise, Justice

Following a jury trial, Appellant Ismael Martinez was found guilty of aggravated robbery with a deadly weapon. The jury sentenced Appellant to thirty years in prison. In two issues, Appellant contends that the trial court erred by (1) denying Appellant's motion to suppress because his hospital statement was the product of a custodial interrogation, and Appellant was not given the statutorily required warnings; and (2) not issuing findings of fact and

conclusions of law on the voluntariness of Appellant's statement.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2013, Appellant saw the complainant Dorothy Baker at a Kroger store with her two sons, ages five and two. Appellant had been using "meth" and wanted money to buy more. Thinking he could get money from Baker if he threatened her children, Appellant decided to hide in the back of Baker's van while she was inside the store. Baker left Kroger and drove to a CVS pharmacy, not knowing Appellant was in the back of her van.

After Baker left CVS, while she was driving, Appellant popped up from the back of the vehicle with a pocket knife and threatened to hurt Baker's children if she did not give him what he wanted. Appellant demanded money, and when Baker said she did not have any, Appellant told her to "figure out a way to get it or your kids are going to get hurt." Appellant directed Baker to take a left, but Baker, realizing the situation was getting out of control, decided to turn right.

When Appellant realized that Baker was not following his directions, he came forward through the seats of the van into the front passenger seat. A struggle over the knife ensued. Baker testified that she attempted to crash her van into a telephone pole but missed due to the struggle. The van came to a stop in a field next to the telephone pole. During the struggle, Baker ended up taking the knife from Appellant, punching him in the face, and telling him to get out of her van. At this point Appellant exited the van and began to run away. Not wanting Appellant to escape, Baker hit the accelerator and ran over Appellant. Eventually, police arrived on the scene, and Appellant was taken by Life Flight to Memorial Hermann Hospital.

The next day, Detective Shane Darsee of the Baytown Police Department visited Appellant in the hospital to question him about the incident. Darsee testified that a nurse told him Appellant would not get the feeling back in his legs, but he was not aware of any medications being administered to the Appellant at the time Appellant gave his statement. Darsee testified that Appellant was coherent and cooperative during their conversation. Darsee made an audio recording of Appellant's statement. Afterward, Darsee called the District Attorney, and charges were later filed against Appellant for aggravated robbery with a deadly weapon. Appellant was never handcuffed to the hospital bed, nor was a guard posted outside of Appellant's hospital room. Eventually, Appellant was released from the hospital, and he left with his family. After Appellant was released, the Baytown Police notified his family of the pending charges. Appellant voluntarily turned himself in to the police.

Appellant pleaded "not guilty" to the charges and filed a motion to suppress the statement he gave Darsee in the hospital. In a hearing on the motion, Appellant claimed he had no memory of the first few days after the incident, including talking with Darsee. Appellant claimed that his statement was not voluntary and was the product of a custodial interrogation. Darsee admitted he never read Appellant his *Miranda* rights but maintained that Appellant was not in custody at the time he gave his statement. Darsee also testified that there was no indication Appellant was incapable of giving voluntary consent at the time he gave his statement.

At trial the jury heard Appellant's statement along with the testimony of Baker, Darsee, an eyewitness, and two other responding officers. The jury found Appellant guilty of aggravated robbery with a deadly weapon and sentenced him to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. §§ 29.02, 29.03 (West 2011). Appellant filed a timely notice of appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

▮ We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost total deference to the trial court's findings of historical fact based on witness credibility and demeanor, and reviewing de novo the trial court's application of the law. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997). When the trial judge makes express findings of fact, we view the evidence in the light most favorable to his ruling and determine whether the evidence supports these factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim. App.2010). We will sustain the trial court's ruling if that ruling is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

▮ A statement that is the product of a custodial interrogation is admissible only if the warnings required by *Miranda v. Arizona* and the Texas Code of Criminal Procedure are given prior to the statement. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 2005); *Miranda v. Arizona*, 384 U.S. 436, 444–45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is the defendant's burden to show that a statement was the product of a custodial interrogation. *Herrera v. State*, 241 S.W.3d 520, 526 (Tex.Crim.App.2007). The determination of custody is made on an ad hoc basis, considering the totality of the objective circumstances. *Id.* at 532. A person is considered in custody if a reasonable person in the same circumstances would have perceived their physical freedom to be restricted "to the degree associated

with a formal arrest." *Dowthitt v. State,* 931 S.W.2d 244, 254 (Tex.Crim.App.1996). "The 'reasonable person' standard presupposes an *innocent* person." *Id.* (quoting *Florida v. Bostick,* 501 U.S. 429, 438, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)).

### ANALYSIS

On appeal, Appellant contends that the trial court erred by (1) denying his motion to suppress because his hospital statement was the product of a custodial interrogation, and Appellant was not given the statutorily required warnings; and (2) not filing findings of fact and conclusions of law on the voluntariness of Appellant's statement. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2.

### I. Findings of Fact and Conclusions of Law

We address Appellant's second issue first. After the filing of Appellant's brief, this appeal was abated and the trial court issued findings of fact and conclusions of law regarding Appellant's motion to suppress. Therefore, we overrule Appellant's second issue as moot.

### II. Appellant's Motion to Suppress

 Appellant claims that his hospital statement was the product of a custodial interrogation, and for the statement to be admissible, he must have been read his rights under the Texas Code of Criminal Procedure before he made the statement. *See id.* Article 38.22 warnings are mandatory only when there is a custodial interrogation. *Id.*; *Herrera,* 241 S.W.3d at 526. The meaning of "custody" is the same for purposes of *Miranda* and article 38.22. *Herrera,* 241 S.W.3d at 526.

In the findings of fact and conclusions of law, the trial judge found Darsee to be a credible witness and Appellant not to be a credible witness. Because we give almost total deference to the judge's credibility determinations, we take Darsee's version of the circumstances surrounding Appellant's hospital statement to be true. *See Guzman,* 955 S.W.2d at 89.

 It is undisputed that Darsee did not give Appellant any warnings before recording Appellant's statement. Therefore, we only need to decide if Appellant was in custody at the time he gave his statement to determine the admissibility of the statement. *See Herrera,* 241 S.W.3d at 526. If Appellant was not in custody, the warnings were not required, and the trial court did not err in denying the motion to suppress. *Id.* If Appellant was in custody, the warnings were required, and denying the motion to suppress was error. *Id.* Because the determination of custody requires the application of law to the facts, we review the trial court's determination de novo. *Guzman,* 955 S.W.2d at 89.

The Court of Criminal Appeals has established four general situations which may constitute custody: (1) if the suspect is physically deprived of his freedom in any significant way; (2) if a law-enforcement officer tells the suspect not to leave; (3) if a law-enforcement officer creates a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; or (4) if there is probable cause to arrest the suspect, and the law-enforcement officer did not tell the suspect he is free to leave. *Gardner v. State,* 306 S.W.3d 274, 294 (Tex.Crim.App.2009). Appellant claims that either the first circumstance or the fourth circumstance is applicable in this case.

The first circumstance—that Appellant was physically deprived of his freedom in any significant way—does not apply to the facts of this case because the physical deprivation of Appellant's freedom was due to medical treatment, not the actions of

law enforcement. *See Yarborough v. State*, 178 S.W.3d 895, 901–02 (Tex.App.— Texarkana 2005, pet. ref'd) (restraint only to receive medical treatment for stab wounds did not constitute custody); *Redmond v. State*, 30 S.W.3d 692, 696–97 (Tex. App.—Beaumont 2000, pet. ref'd) (physical restrictions due to injuries and medical treatment did not constitute custody); *Vessels v. State*, 938 S.W.2d 485, 488 (Tex. App.—El Paso 1996, no pet.) (no custody when police interviewed suspect with a gunshot wound at hospital because there was no evidence of restraint, that a guard was posted, that he was handcuffed, that he was told he was under arrest, or that he was told he could not leave). Darsee testified that Appellant was not handcuffed to the bed; Darsee was the only officer present; no guard was posted at Appellant's hospital room door; and Appellant was later allowed to leave the hospital with his family. The only limitations on Appellant's physical freedom were his injuries and the medical treatment he was receiving for them. We hold these circumstances do not constitute custody under article 38.22.

 The fourth circumstance that has been found to constitute custody is when there is probable cause to arrest and the law-enforcement officer does not tell the suspect that the suspect is free to leave. "[S]ituation four does not automatically establish custody; rather, custody is established if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest." *Dowthitt*, 931 S.W.2d at 255.

 In a typical determination of whether restraint rises to the degree associated with arrest, several factors come into play, including the amount of force displayed, the duration of the detention, the efficiency of the investigative process, whether the restraint occurs at the original location or the person is transported to another location, and whether the officer told the detained person that the person was under arrest or was being detained only for a temporary investigation. *State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim.App.2008). In a situation where restraint is due to medical treatment, and is not initiated by law enforcement, few of these factors apply.

No force was needed to restrain the Appellant because he had been incapacitated by his injuries. Darsee testified that he was with the Appellant for at least thirty minutes, but that Appellant could have ended the interview at any time. Appellant was not handcuffed, nor was a guard posted, so it is not clear that any type of detention occurred. The interview was not prolonged, as Appellant was forthcoming with his statement. Appellant was transported from the scene of the crime before questioning, but to the hospital for treatment, not to the police station for questioning. Darsee testified that he never told Appellant he was free to leave, but he also never told Appellant he was being detained or arrested.

The decision to charge Appellant came only after Darsee's hospital visit. Before the visit, the police knew Baker's version of the facts, but were confronted with the prospect of charging multiple crimes and a suspect that also appeared to be a victim. Appellant volunteered his statement in response to Darsee's open questions about the events of the day before. Additionally, the fact that Appellant incriminated himself in his statement, likely giving the police probable cause to arrest, also does not, in itself, create a custodial situation. *See Estrada v. State*, 313 S.W.3d 274, 294 (Tex. Crim.App.2010) (no custody when defendant voluntarily gave an incriminating

statement and then was allowed to leave without being arrested).

Assuming, without deciding, that there was probable cause to arrest Appellant before or sometime during the giving of his statement, the circumstances of this case do not establish that the probable cause translated into custody. The United States Supreme Court held that it is the "compulsive aspect of custodial interrogation, and not the strength or content of the government's suspicions at the time the questioning [is] conducted" that determines custody for *Miranda* purposes. *Stansbury v. California*, 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (quoting *Beckwith v. United States*, 425 U.S. 341, 346–47, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976)). Although Appellant may have been the "prime suspect" or the "focus of the investigation," Appellant points to no evidence that Darsee restrained him to the degree associated with arrest, or deprived him of his physical freedom in anyway before, during, or after the questioning.

We hold that Appellant did not meet his burden to show that a reasonable person in Appellant's circumstances would have felt deprived of freedom to the extent associated with formal arrest. *See Dowthitt*, 931 S.W.2d at 255. Appellant was not in custody at the time he gave his statement to Darsee, and therefore, the article 38.22 warnings were not required for the statement to be admissible. *See Herrera*, 241 S.W.3d at 526. The trial court's denial of Appellant's motion to suppress was reasonably supported by the record. We overrule Appellant's first issue.

### Conclusion

Having overruled both of Appellant's issues, we affirm the trial court's judgment.